**Verbale HISCOTT, Plaintiff-Appellant,**

**v.**

**GENERAL ELECTRIC COMPANY,
Defendant-Appellee.**

**No. 75–1181.**

United States Court of Appeals,
Sixth Circuit.

Sept. 4, 1975.

Stanley G. Webster, Cleveland, Ohio, for plaintiff-appellant.

Michael C. Hallerud, Squire, Sanders & Dempsey, Charles F. Clarke, Thomas H. Barnard, Cleveland, Ohio, for defendant-appellee.

Before MILLER and ENGEL, Circuit Judges, and TAYLOR,* District Judge.

**WILLIAM E. MILLER, Circuit Judge.**

Verbale Hiscott sued the defendant corporation claiming that it had violated his rights under the Age Discrimination in Employment Act of 1967 (ADEA). 29 U.S.C. § 621 *et seq.* According to the appellant's allegations, he had been employed for seventeen years at the defendant's vacuum cleaner plant in Cleveland, Ohio. In early 1972 General Electric decided to close its operation in Cleveland and to sell the facility to a competitor. Hiscott claims that he sought a transfer and that the company assured him that it would endeavor to find for him a position in another General Electric plant. On May 31, 1972, Hiscott still had not been relocated and allegedly was forced to retire involuntarily and to take his pension prematurely at age 62. In an affidavit, Hiscott stated that it was only during the months following his separation that he discovered that he had been the victim of age discrimination. Finally, in February of 1974, he brought his complaint to the attention of representatives of the United States Department of Labor. When these officials were unable to conciliate the complaint, appellant instituted the present action in the court below on May 29, 1974.

General Electric moved to dismiss on the ground that it was apparent from the complaint that appellant had not given the Secretary of Labor the statutory notice of an intent to sue within 180 days of the occurrence of the purported violation. The district court held that the notice provision was jurisdictional and accordingly dismissed the action. Following dismissal of the action, appellant moved the court to reconsider its ruling. Upon denial of this motion, the present appeal ensued.[1]

The critical issue on appeal is whether the notice requirement of the Act is jurisdictional. The relevant portion of the Act provides:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> (1) within one hundred and eighty days after the alleged unlawful practice occurred, . . . . 29 U.S.C. § 626(d).

This notice provision has been held to be a jurisdictional prerequisite to the filing of any civil action under the ADEA. *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974), and see *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975). This view is supported by the

---

* The Honorable Robert L. Taylor, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1. Prior to oral argument before this Court, the United States Department of Labor moved for permission to file out-of-time an *amicus curiae* brief. The department's request was granted, and we have fully considered its arguments urging reversal.

legislative history of the Act which emphasizes the mandatory nature of the requirement that notice *"must"* be given to the Secretary.[2] Other decisions are in accord.[3] Appellant argues nevertheless that there are exceptions to the imperative nature of the requirement.[4] To support this proposition, appellant cites only the case of *Bishop v. Jelleff Associates,* 7 F.E.P. Cases 510 (D.D.C.1974). In that case the district court acknowledged that the plaintiffs had not complied with the "precondition" of notifying the Secretary but that their failure to do so was excused by the defendant's failure to post informational notices on its property as required by 29 U.S.C. § 627.[5] This Section provides (and 29 C.F.R. § 850.10 implements the requirement) that an employer ". . . shall post and keep posted in conspicuous places on its premises . . . a notice setting forth information as the Secretary deems appropriate to effectuate the purposes of . . ." the Act. Despite the *Bishop* ruling, we find nothing in the Act nor in its legislative history to indicate that compliance with the notice provision was intended to be tolled or excused by the employer's failure, as here, to post the informational notices.

Hiscott also claims that the 180 day requirement should not begin to run until the time an employee knows or reasonably should have known that he was the victim of alleged age discrimination. Even if this view is the correct one, a doubtful assumption in light of the unequivocal statutory language that no civil action shall be commenced until notice of intent to sue has been given within 180 days "after the alleged unlawful practice occurred," it would avail appellant nothing in the present case.

By its letter of May 14, 1974, to the appellant, a Labor Department official stated:

> I am not aware of your having notified the Secretary of Labor that you are instituting an action against the firm, which is a requirement of the Act. The fact that you submitted information concerning an alleged unlawful practice to our agency is not considered such a notice.

As the Labor Department correctly pointed out, the mere furnishing of information to the agency concerning an alleged unlawful practice does not constitute notice of intent to sue as mandated by the statute. *Powell v. Southwestern Bell Telephone Co., supra; Dartt v. Shell Oil Co.,* No. 74–C–221 (N.D.Okla., Feb. 6, 1975). Assuming that Hiscott only learned of the alleged discrimination in January of 1974, as he alleges, his suit was filed in May of that year without prior notice to the Secretary of his intent to sue. As no notice of an intent to sue was ever given before suit was filed, it is immaterial in this case to determine when the 180 day period began to run.

**2.** "Subsection (d) requires that persons intending to file civil actions under this act *must* give the Secretary of Labor 60 days' notice before doing so." [emphasis added]. H.Rep.No.805, 1967 U.S.Code Cong. & Admin.News, p. 2223; *see also* S.Rep.No.723, 90th Cong., 1st Sess. (1967).

**3.** *Dartt v. Shell Oil Co.,* No. 74–C–221 (N.D. Okla., Feb. 6, 1975); *Oshiro v. Pan American World Airways, Inc.,* 378 F.Supp. 80, 82 (D. Hawaii 1974); *Burgett v. Cudahy Co.,* 361 F.Supp. 617, 621–22 (D.Kan.1973); *Gebhard v. GAF Corp.,* 59 F.R.D. 504, 507 (D.D.C.1973); *Price v. Maryland Casualty Co.,* 62 F.R.D. 614 (D.Miss.1972); *Cochran v. Ortho Pharmaceutical Co.,* 376 F.Supp. 302, 303 (E.D.La.1971).

**4.** In *Burgett v. Cudahy Co.,* 361 F.Supp. 617 (D.Kan.1973), the court held that the notice provision was jurisdictional; however, the court did permit several individuals who had not complied with the provision to join in the class action. We express no opinion on that court's treatment of class actions under the ADEA, but we emphasize that the decision cannot be read to support a claim that persons bringing individual actions are not required to adhere strictly to the notice requirement.

**5.** 29 U.S.C. § 627 provides:

> Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

Hiscott further urges that he was the victim of a continuing violation which tolled the running of the six month's period. He claims that because he was forced into early retirement by the company's discriminatory act he has suffered continuously since then because of reduced pension and Social Security benefits. In his complaint, appellant alleges only one discriminatory act on the part of the defendant—that its failure to relocate him was because of his age. His present argument, in contrast, is that the notice period is tolled because the natural consequence of early retirement results in a continuing violation. Primarily, the appellant relies for this position on *Bartmess v. Drewrys U.S.A., Inc.,* 444 F.2d 1186 (7th Cir.), *cert. denied,* 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971), a Title VII case. We find this and similar decisions to be inapposite since, unlike the present case, they were concerned with pension programs that were directly attacked as operating in a discriminatory manner.

Also inapplicable are Title VII cases finding that a company's failure to recall an employee it had laid off amounted to a continuing violation in certain circumstances. *See Cox v. United States Gypsum Co.,* 409 F.2d 289 (7th Cir. 1969); *Sciaraffa v. Oxford Paper Co.,* 310 F.Supp. 891 (D.Me.1970). In these cases the critical factor in finding a continuing violation was not the initial layoff but the repeated refusal of the company to rehire the plaintiffs in accordance with their seniority rights as provided for in the collective bargaining agreement. It is not insisted here that the company was under any contractual obligation to rehire appellant after he had retired, whether he did so voluntarily or involuntarily.

Finally, the intervenor cites a number of Title VII cases from this Circuit holding, *inter alia,* that neutral policies which perpetuate past discrimination are subject to affirmative relief under the Equal Employment Opportunity Act. *See Sims v. Sheet Metal Workers International Ass'n Local No. 65,* 489 F.2d 1023 (6th Cir. 1973); *United States v. International Bhd. of Elec. Workers, Local No. 38,* 428 F.2d 144 (6th Cir.), *cert. denied,* 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970). The issue of perpetuating past discrimination was pertinent to determine whether or not neutral practices could be remedied under Title VII. The courts in these cases were not required to consider whether the policies amounted to a continuing violation. They have no relevance to the issues before us.

Other contentions advanced by appellant have been considered and are deemed to be without merit.

Affirmed.