Carl W. EKLUND, Plaintiff-Appellant,

v.

The LUBRIZOL CORP. et al.,
Defendants-Appellees.

No. 75–1535.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 8, 1975.

Decided Jan. 21, 1976.

Louis A. Tuzi and Robert J. Grogan, Cleveland, Ohio, for plaintiff-appellant.

Thomas H. Barnard, Vilma L. Kohn, John P. Dunn, Cleveland, Ohio, for defendants-appellees.

Before CELEBREZZE and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from the United States District Court for the Northern District of Ohio, Eastern Division, which granted Appellees' Motion to Dismiss, citing Appellant's failure to comply with the notice provision of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (1970) (hereinafter referred to as either "ADEA" or the "Act").[1]

1. Prior to oral argument before this Court, the United States Department of Labor moved for permission to file out-of-time an *amicus curiae* brief. The department's request was granted, and we have fully considered its arguments urging reversal.

Appellant, discharged by Appellee on July 11, 1973, was sixty years old at the time of discharge and thus within the forty to sixty-five age range protected by the ADEA. 29 U.S.C. § 631 (1970).

The Act addresses itself to the elimination of age as an arbitrary criterion in employment decisions. The purpose of the Act is embodied in § 621(b):

(b) It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.

The Act prescribes alternative notice requirements, these requirements are contained in § 626(d):

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Appellant notified the Secretary of Labor of his intent to file an age discrimination action under the Act two hundred and ninety-nine days after his alleged unlawful dismissal. This notice did not comply with the one hundred and eighty day requirement of § 626(d)(1) of the Act.

We thus turn to the question of whether Appellant falls within the ambit of § 626(d)(2), where notice can be given within a 300-day period following an alleged unlawful practice. Subsection (d)(2) affords its more liberal notice period only in those situations in which § 633(b)[2] of the Act is applicable. Section 633(b) applies to those actions in which the alleged unlawful practice occurred in a state which has (1) a law prohibiting age discrimination in employment and (2) a state agency authorized to seek relief for individuals suffering age discrimination. Appellant contends that Ohio is a § 633(b) state and therefore his notice of intent to file suit, given to the Secretary 299 days after the challenged dismissal, was proper.

Ohio's age discrimination in employment law is contained in Ohio Rev.Code § 4101.17:

No employer shall refuse opportunity of interview for employment of applicants or discharge without just cause any employee between the ages of forty and sixty-five who are physically able to perform the duties and otherwise meet the established requirements of the industry and laws pertaining to the relationship between employer and employee.

2. Section 633(b):

(b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

Resolution of the only issue raised by Appellant turns on whether Ohio has a state authority established or authorized to grant or seek relief from discriminatory practices based on age. Appellant contends that it does. Appellees and the Secretary, in his amicus brief submitted in support of Appellant, take the position that Ohio has no state authority established or authorized to seek relief from such discriminatory practices. Section 633(b) envisions a state authority equipped to investigate age discrimination claims, to mediate genuine disputes, to attempt to resolve disputes through voluntary compliance and if necessary, to initiate administrative or judicial proceedings to secure compliance with the state age discrimination law. Appellant contends that either the Ohio Department of Industrial Relations or the Ohio Attorney General, or the two agencies jointly, are authorized to enforce Ohio's age discrimination law. However, a thorough review of Ohio statutes yields no section authorizing the Ohio Department of Industrial Relations, the Ohio Attorney General, or any other State agency to perform such functions.

The note following the Ohio age discrimination law in Page's Ohio Code annotated should have strongly suggested the lack of an enforcement mechanism to Appellant's counsel:

*No penalty provision has been provided for this section.* (emphasis added.)

The District Court's conclusion that Ohio is not a § 633(b) state is further buttressed by the decision in *Curry v. Continental Airlines, Inc.*, 513 F.2d 691 (9th Cir. 1975). The Ninth Circuit concluded in *Curry* that California, at the time the action was filed in District Court, was not a § 633(b) state. The *Curry* Court noted that the California age discrimination in employment law was part of that State's Unemployment Insurance Code, general enforcement of which was vested in the California Department of Human Resources. The Court then stated:

"The Department, however, had no personnel assigned to handling age discrimination complaints and, in fact, advised potential plaintiffs to take their complaints to local law enforcement officials or the federal government. Nor was there any specific legislative mandate directing the Department to act in the field of age discrimination.[3]

We thus affirm the District Court's conclusions that Ohio is not a § 633(b) state and that the 300-day filing period of § 626(d)(2) was therefore not available to Appellant.

This Court, in *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975), following a review of the Act's legislative history, concluded that compliance with the notice requirements contained in § 626 is a jurisdictional prerequisite to the filing of an action under the ADEA. The *Hiscott* Court noted that the Fifth Circuit in *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485 (5th Cir. 1974), and numerous District Courts have reached the same conclusion.

The Secretary contends, on Appellant's behalf, that the special facts of this case are appropriate for the creation of an exception to the imperative nature of the Act's notice requirements. The Appellant in *Hiscott* made much the same argument. The Appellant in *Hiscott* cited *Bishop v. Jelleff Associates*, 398 F.Supp. 579 (D.D.C.1974), in support of its argument. The *Bishop* Court concluded that an employer's failure to post the informational notices required by § 627 of the Act excused plaintiff's failure to comply with the notice provisions. Judge Miller, writing for this Court in *Hiscott*, rejected the reasoning of *Bishop* by stating:

Despite the *Bishop* ruling, we find nothing in the Act nor in its legislative history to indicate that compliance with the notice provision was intended to be tolled or excused by the employ-

**3.** 513 F.2d at 693.

er's failure, as here, to post the informational notices.

■ The Secretary advances two reasons in support of equitable relief for Appellant, first, that Appellant's counsel made a reasonable attempt to comply with the Act and, second, that at the time of Appellant's discharge there was no judicial clarification of the notice provisions of the ADEA.

The Secretary's two reasons are intertwined. The Secretary contends that an attempt to comply with then existing case law prompted Appellant's counsel to ignore the plain language of the Act and contact various state agencies seeking enforcement of Ohio's age discrimination law. As then applicable case law, the Secretary points to the holdings in *Goger v. H. K. Porter Co.*, 5 EPD ¶ 8562 (D.N.J. 1973), and *McGarvey v. Mereck & Co., Inc.*, 359 F.Supp. 525 (D.N.J.1973), both later vacated by the Third Circuit on special facts, the consolidated opinion in *Vaughn v. Chrysler Corp.* and *Prange v. Ford Motor Co.*, 382 F.Supp. 143 (E.D. Mich.1974), and *Smith v. Crest Communities, Inc.*, 9 EPD ¶ 10,053 (W.D.Ky. 1974). Appellant notified the Secretary on May 6, 1974, that he intended to institute a federal action. The consolidated opinion in *Vaughn* was issued on April 30, 1974, and the *Crest Communities* opinion was issued on November 21, 1974, thus it is unlikely that they would have afforded Appellant's counsel guidance in selecting the proper forum for resolving this dispute in the months following Appellant's July 11, 1973, dismissal. In any event, Appellant's reliance on *Vaughn* was misplaced because *Vaughn* arose in Michigan, a state which has both an age discrimination law and an agency, the Michigan Civil Rights Commission, empowered to enforce that law.[4]

The District Court opinions in *Goger* and *Mereck* both turn on the fact that New Jersey has an age discrimination law and that the New Jersey Department of Law and Public Safety is the New Jersey State agency which has been "vested" with the "responsibil[ity] for the elimination of unlawful discrimination in employment." *Goger v. H. K. Porter Co.*, 5 EPD ¶ 8562 at page 7628 (1973). New Jersey, like Michigan and unlike Ohio, is a § 633(b) state and the 300-day notice period in § 626(d)(2) of the ADEA would apply to actions arising out of employment practices occurring in New Jersey.

For the reasons enumerated we do not believe that the facts of this case warrant equitable relief for Appellant. The judgment of the District Court is affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. I do not view *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975) as holding the requirements of § 626(d) to be *jurisdictional* in the sense that noncompliance with them would deprive a court of its power to entertain a suit. Although compliance with these notice requirements is a *statutory prerequisite* to bringing suit, an exceptional case meriting equitable relief is presented where a claimant can show that his state had a statute that prohibits employment discrimination based upon age, but a person of ordinary intelligence with the exercise of reasonable diligence could not determine within a 180 day period whether the state also had an agency established or authorized to grant or seek relief. I would hold that in such a case the remedial purpose of the Act is served by affording the claimant the benefit of the

4. Michigan Compiled Laws, Section 423.-303a(a), provides in part as follows:

"Sec. 3a. It is an unfair employment practice:
(a) For any employer, because any individual is between the ages of 18 and 60 . . . to refuse to hire or otherwise to discriminate against him with respect to hire, tenure,

terms, conditions or privileges of employment . . . "
Michigan Compiled Laws, Section 423.-307(a), provides in part as follows:
"The commission is empowered and directed, as hereinafter provided, to prevent any person from engaging in unfair employment practices."

300 day period in which to give the notice required by § 626(d). To hold claimants who were misled by such circumstances to the 180 day requirement would frustrate congressional intent by penalizing intended beneficiaries of the Act, who have substantially complied with the statutory preconditions to suit. The Act should not be construed to make it a trap for the unwary, nor should it require every claimant to retain counsel experienced in the technicalities of age discrimination litigation. Frequently the monetary amount in controversy is so small that such a wooden approach would, as a practical matter, prevent recovery by many members of the class that the Act was adopted to protect. *Goger v. H. K. Porter Co., Inc.*, 492 F.2d 13 (3rd Cir. 1974) provides precedent for flexibility in the interpretation of the Act.

Since it is undisputed that Ohio has a statute that prohibits age discrimination in employment, the inquiry should be whether a person of ordinary intelligence, exercising reasonable diligence, would have been able to discover within the 180 day period whether Ohio had an agency established or authorized to grant or seek relief. Appellant communicated with both the Ohio Civil Rights Commission and the Ohio Attorney General in an attempt to obtain enforcement of the statute. Before the district court, appellant suggested that the Ohio Industrial Commission had authority to enforce the statute. Nevertheless, a majority of this court holds, as did the district court, that Ohio does not have a state agency established or authorized to grant or seek relief in age discrimination cases. In this situation appellant should be held to have substantially complied with the notice requirement of section 626(d) by filing within 300 days. It was entirely reasonable for Eklund to assume after Ohio adopted a specific prohibition against age discrimination in employment, that one of the agencies with assigned authority over the enforcement of labor practices, or civil rights, or at least the chief state law enforcement officer, would attempt to enforce the statute.