Alfred P. FRANCI, Robert H. Graff, Sr., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

AVCO CORPORATION, Avco Lycoming Division, Defendant.

Civ. No. B–77–22.

United States District Court, D. Connecticut.

Sept. 21, 1978.

---

damages and injunctive relief on behalf of all past and present employees of Avco who are between the ages of forty and sixty-five and who have been subjected to discrimination on the basis of their age. Avco has moved to dismiss the complaint, or in the alternative, for summary judgment on the grounds that: (1) this Court lacks jurisdiction over the statutory claims because plaintiffs failed to file notice of intent to sue within the 300 days prescribed by 29 U.S.C. § 626(d); and (2) plaintiffs have failed to state a cause of action under the due process clause of the Fifth Amendment. The motion for summary judgment is denied.

The complaint tells the story of two responsible Avco employees who, after years of service, believe they were discharged solely because of their age. Plaintiff Graff worked for Avco for sixteen years until February 21, 1975. On this date, at the age of fifty-eight, he was notified that he was being laid off and was told that he would be recalled if work became available. Mr. Graff asked why he was being discharged when employees with less seniority and experience were being retained, but he was not given an answer. When he was not recalled after six weeks he filed a complaint with the Federal Labor Department alleging age discrimination against himself and other older employees by Avco. Even after filing his complaint, Mr. Graff periodically called Avco to ascertain the likelihood of being recalled. Some six months subsequent to his discharge Mr. Graff was told by an Avco employee, whom he believed to be responsible for hiring, that his recall was likely. Upon learning this, Mr. Graff requested that the Labor Department discontinue its investigation of his complaint because he feared it would jeopardize his chances of being recalled. Although told repeatedly over the ensuing thirteen months that his recall was imminent, Mr. Graff was not recalled. In October of 1976 Mr. Graff contacted an attorney. She had

Beverly J. Hodgson, Koskoff, Koskoff, Rutkin & Bieder, P. C., Bridgeport, Conn., for plaintiffs.

Edward Maum Sheehy, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., Don A. Banta, William T. Coleman, Naphin, Banta & Cox, Chicago, Ill., for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DALY, District Judge.

Plaintiffs seek redress from Avco Lycoming Division's [1] (Avco) alleged violations of the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. § 621 *et seq.* and of the due process clause of the Fifth Amendment of the Constitution. Plaintiffs have brought this class action to obtain

---

1. The complaint was originally filed against Avco Lycoming Overseas Corporation, but by order of Judge Zampano dated March 22, 1977, the proper party to the action, Avco Lycoming Division, was made a defendant and all claims against Avco Lycoming Overseas Corporation were dismissed with prejudice.

the Labor Department resume its investigation and assisted Mr. Graff in filing notice of intent to sue on October 8, 1976 as required by 29 U.S.C. § 626(d). During the next three months the Labor Department orchestrated conciliation procedures between the parties. On January 4, 1977 Avco's attorney terminated the discussion between the parties,[2] and on January 14, 1977 plaintiffs filed this suit.

Mr. Franci, the other named plaintiff, had been in Avco's employ for thirteen years when he was forced to take early retirement on April 4, 1975. Mr. Franci was then sixty years old and had an excellent work record. Like Mr. Graff, Mr. Franci inquired unsuccessfully of his superiors at the time of his discharge why younger employees with less experience and seniority were being retained. Five months after being laid off Mr. Franci filed a complaint with the Connecticut Commission on Human Rights & Opportunities (CHRO) alleging that he and several others had been discriminated against on the basis of their age. Although Mr. Franci has neither filed a complaint with the Labor Department, nor filed a notice of intent to sue, a letter from Avco's attorney which halted conciliation discussions clearly indicates that Avco was aware of Mr. Franci's claim.[3] Approximately two years after he had been forced to take early retirement, Mr. Franci discovered a newspaper advertising placed by Avco that announced an opening at his earlier position. As a result of Mr. Franci's pursuit of this ad, he was rehired by Avco on March 29, 1977.

The plight of plaintiffs and the class of persons they purport to represent takes on an increased significance as both the number and the percentage of the country's elderly population grows.[4] Congressional awareness of the problems of the elderly in the area of employment resulted in the enactment of ADEA. See 29 U.S.C. § 621(a). The express purposes of ADEA are "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). It is with these remedial objectives in mind that the Court turns to scrutinize the unsuccessful efforts of plaintiffs to negotiate the maze of procedural prerequisites to ADEA suits.

## NOTICE OF INTENT TO SUE

Section 626(d) of Title 29 of the United States Code contains two procedural hurdles that must be successfully cleared by ADEA claimants. First, it requires claimants to file notice of their intent to sue with the Secretary of Labor at least sixty days before bringing suit. Second, it requires that this notice of intent to sue be filed no later than a certain number of days after the alleged discriminatory act. The number of days after which notice becomes untimely varies; generally, notice of intent to sue must be filed no later than 180 days after the discriminatory act is alleged to have occurred, 29 U.S.C. § 626(d)(1). However, in states that have their own legislation prohibiting age discrimination in employment,[5] notice of intent to sue must be filed either no later than 300 days after the alleged discrimination, or within thirty days of the time the claimants learn of the ter-

2. Efforts at conciliation ended abruptly when Avco's attorney wrote Mr. Graff's attorney a letter stating that there was no hope of settlement. The letter explained that Avco felt that no discrimination had occurred and that "there are some serious procedural questions involved in this case." (Plaintiff's exhibit D).

3. In fact, this letter states that Avco was under the impression that any settlement had to involve the claims of Mr. Graff and Mr. Franci.

4. There has been a dramatic increase in the number of persons in the United States over the age of sixty-five. The past fifteen years

have witnessed a sevenfold increase in the number of persons over sixty-five (three million to approximately twenty-one million) and a doubling of the percentage of Americans over sixty-five (4.1% to 10.5%). U.S. Dep't. of H.E.W., Publ. No. 77–20006, Facts About Older Americans 1976. A collection of law review articles on the legal problems of the elderly appears in 9 Conn.L.Rev. 425 (1977).

5. When Congress enacted ADEA in 1967 there were already twenty-four states with such laws. 1967 U.S.Code Cong. & Admin.News pp. 2213, 2215.

mination of their state proceedings, whichever is earlier. 29 U.S.C. § 626(d)(2). In the instant case, the 300 day limitation obtains because Connecticut has a statute prohibiting age discrimination,[6] and the 300 days ran before the termination of any state proceedings.

The key issue raised by defendant's motion is whether the filing of notice of intent to sue is a mandatory jurisdictional prerequisite or a precondition to suit that is subject to equitable modification. Although this issue has been the subject of much litigation, there is neither Supreme Court nor Second Circuit precedent that controls this ruling. In 1977 the Supreme Court affirmed in a *per curiam* decision a ruling of the Tenth Circuit that § 626(d) notice was subject to equitable modification. *Shell Oil Co. v. Dartt,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977). However, since the affirmance was by an equally divided Court, *Dartt* cannot serve as an authoritative determination in subsequent cases either in the Supreme Court or in lower courts. *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir. 1978). *See Laird v. Tatum,* 409 U.S. 824, 837–39, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972) (memorandum of Rehnquist, J.). Quite recently in *Reich v. Dow Badische Co.,* 575 F.2d 363 (2d Cir. 1978), the Second Circuit had occasion to rule on the effect of a claimant's failure to file timely, written notice of intent to sue. In order to understand the import of this ruling it is necessary to examine the three separate opinions filed by the three-judge panel. Judge Dooling, writing for the "Majority," neither explicitly held that notice was jurisdictional nor that it was subject to equitable modification. However, in arriving at the conclusion that plaintiff's claim was barred because of his failure to give written notice of sufficient content and clarity, Judge Dooling expressly considered whether there were circumstances that would excuse this failure. *Reich v. Dow Badische Co., supra* at 369. The fact that the claimant in *Reich* had been repeatedly apprised by representatives of the Labor Department of the notice requirement was critical to Judge Dooling's opinion. *Id.* Possibly the best indication of Judge Dooling's position is the concurring opinion of Judge Danaher. While he concurs in the result, Judge Danaher states that he feels compelled to advocate the "alternate approach" of requiring timely, written notice of intent to sue as a mandatory prerequisite in all ADEA suits. In his dissenting opinion, Judge Feinberg takes issue with Judge Danaher and concludes that the claimant's oral notice satisfies § 626(d). Judge Feinberg bases his conclusion on the principle that the terms of ADEA should be construed liberally in order "to avoid frustrating potentially meritorious claims on hypertechnical grounds." *Reich v. Dow Badische Co., supra* at 375. Given these divergent opinions, the most that can safely be said of *Reich* is that it does *not* stand for the proposition that written notice, given in a timely fashion, is an absolute jurisdictional prerequisite to ADEA suits.

Not surprisingly there is also substantial disagreement among the district courts of this circuit as well as among the circuits over the notice requirement of § 626(d). Not only is there an absence of unanimity among the district courts within the Second Circuit, but there is disagreement even within the District of Connecticut. *Compare Cowlishaw v. Armstrong Rubber Co.,* 425 F.Supp. 802, 807 (E.D.N.Y.1977) (filing of notice of intent to sue waived) *and Postemski v. Pratt & Whitney Aircraft,* 443 F.Supp. 101, 103 (D.Conn.1977) (equity may require waiver of notice) *with Gooman v. Heublein,* 12 F.E.P. ¶ 11,190, 13 F.E.P. 26 (D.Conn.1976) (notice is jurisdictional requirement) *and Acford v. Exxon Corp.,* 12 F.E.P. ¶ 1500 (D.Conn.1975) (notice is mandatory prerequisite). The first two circuit courts to consider this issue concluded that failure to comply with the notice of intent to sue requirement was an absolute bar to suits under ADEA. *See e. g., Ott v. Midland-Ross Corp.,* 523 F.2d 1367 (6th Cir. 1975); *Hiscott v. General Electric Co.,* 521 F.2d 632 (6th Cir. 1975); *Edwards v. Kaiser*

---

6. Conn.Gen.Stat. § 31–126 *et seq.* makes it an unfair labor practice for an employer to discriminate on the basis of age.

*Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195 (5th Cir. 1975); *Powell v. Southwestern Bell Tel. Co.,* 494 F.2d 485 (5th Cir. 1975).[7] However, more recently the Tenth, Seventh and Third Circuits have rejected this restrictive reading of the notice of intent to sue requirement. *Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1259-60 (10th Cir. 1976), *aff'd per curiam by an equally divided Court,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Kephart v. Institute of Gas Technology,* 581 F.2d 1287 (7th Cir. 1978); *Bonham v. Dresser Industries,* 569 F.2d 187, 192–93 (3rd Cir. 1977). Additionally, there are decisions within the Eighth and First Circuits that indicate the notice required by § 626(d) is subject to equitable modification. *Moses v. Falstaff Brewing Corp.,* 525 F.2d 92, 94 (8th Cir. 1975); *Abbott v. Moore Business Forms Inc.,* 439 F.Supp. 643, 645 (D.N.H.1977).

■ After reviewing the authorities cited, this Court believes the better view is to construe the notice of intent to sue requirement of § 626(d) as being subject to equitable modification such as tolling and estoppel. This conclusion is based not only on the Court's understanding of the design of ADEA and the purpose of the notice requirements, but also on a recent amendment to § 626(d). ADEA is remedial and humanitarian legislation that should be construed liberally in order to abolish age discrimination in employment. *Reich v. Dow Badische Co., supra* at 375 (dissent); *Bonham v. Dresser Industries, supra* at 193; *Dartt v. Shell Oil Co., supra* at 1260; *Moses v. Falstaff Brewing Corp., supra* at 93–94; *Pandis v. Sikorsky Aircraft,* 431 F.Supp. 793, 799 (D.Conn.1977) (Newman). *See* Comment, *Procedural Prerequisites to Private Suit Under the Age Discrimination in Employment Act,* 44 U.Chi.L.Rev. 457, 467 (1977). Liberal construction of the notice provisions of ADEA is also compelled by the fact that these procedural requirements must frequently be complied with by laymen without the assistance of legal counsel. *See Dartt v. Shell Oil Co., supra* at 1260–61; *Pandis v. Sikorsky Aircraft, supra* at 799. To require slavish compliance with the notice requirements of § 626(d) would be to create a procedural pitfall which not only would frustrate the remedial objectives of ADEA, but also would do little to bolster the layman's respect for the law and the legal profession.[8]

■ The procedural requirements of ADEA should be interpreted so as to frustrate a potentially meritorious claim only when it is necessary to advance a substantive goal of ADEA. *Moses v. Falstaff Brewing Co., supra* at 94; *Pandis v. Sikorsky Aircraft, supra* at 799. The notice requirement contained in § 626(d) does not present such a situation. An examination of the purposes of the notice requirement of § 626(d) reveals that in numerous instances notice of intent to sue is superfluous.

In *Reich,* the Second Circuit stated that there is a threefold purpose to the notice requirements of § 626(d). Advanced notice permits the Department of Labor to evaluate the claims of aggrieved parties in order to decide whether it should sue on their behalf.[9] Because § 626(d) also compels the Secretary of Labor to notify all prospective defendants promptly after receiving notice, advanced notice to the Labor Department has the effect of assuring that employers are forewarned of the fact that failure to eradicate any discriminatory procedures will result in litigation. Finally, and most importantly, advanced notice to the Secre-

---

7. More recent decisions in both the Fifth and Sixth Circuits indicate that these circuits are withdrawing from their earlier position. *See Adams v. Federal Signal Corp.,* 559 F.2d 433, 434 n. 2 (5th Cir. 1977); *Eklund v. Lubrizol Corp.,* 529 F.2d 247, 250–51 (6th Cir. 1976) (dissent).

8. The fact that laymen are required to wend their way through a procedural labyrinth that baffles all but the specialized practitioner is the subject of critical comment in *Egelston v. State University at Geneseo,* 535 F.2d 752, 754 (2d Cir. 1976) (Title VII). *See also Love v. Pullman,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) (Title VII).

9. Section 626 not only authorizes the Secretary of Labor to investigate and prosecute age discrimination, but subsection (c) of § 626 states that the right of private citizens to sue under ADEA terminates automatically when the Secretary commences an action on their behalf, *Reich v. Dow Badische Co., supra* at 368.

tary gives the Department of Labor an opportunity to seek an early and informal reconciliation of the parties. *See Reich v. Dow Badische Co., supra* at 376 (dissent).

█ In cases such as the instant one in which an ADEA claimant files a complaint with the Labor Department and this complaint results in conciliation discussions between employee and employer, the notice of intent to sue requirement is redundant. At best rigid insistence upon timely filing of this notice can be said to serve the fourth and quite distinct purpose of a statute of limitations. The barring of suits in which notice has not been given within 300 days of the discriminatory act encourages employees to act expeditiously and protects employers from the revival of stale claims at a point in time when evidence has been lost, memories have faded and witnesses have disappeared. However, it is certainly arguable that the statute of limitations contained in 29 U.S.C. § 255(a) and made applicable by 29 U.S.C. § 626(e) adequately performs this function. Section 255 provides a statute of limitations of three years for willful violations of ADEA and of two years for all nonwilful acts that contravene ADEA. Thus, insistance on timely compliance with the notice of intent to sue requirement may have the operative effect of barring a meritorious claim without advancing any legislative objective of ADEA. Such a reading of § 626(d) elevates the form above the substance of the law.

A recent amendment to ADEA and the Congressional commentary accompanying this amendment support the position that the purpose of notice of intent to sue is an inadequate justification for requiring timely compliance with § 626(d) as a mandatory jurisdictional prerequisite. In April of 1978 the Ninety-fifth Congress passed the Age Discrimination in Employment Act Amendment of 1978, Pub.L.No.95–256. Section 4(b) of this act amended the notice provision of § 626(d) by requiring that a "charge" rather than a "notice of intent to sue" be filed with the Secretary of Labor. [10] The Senate Report, which was adopted by the Joint Explanatory Statement of the Committee of Conference (Statement),[11] states that failure to file timely notice as required by § 626(d) had become the most common basis for the dismissal of private ADEA lawsuits. The purpose of the amendment was, therefore, to "make it more likely that the courts will reach the merits of the cases of aggrieved individuals. . . ." 1978 U.S.Code Cong. & Admin. News, p. 534. The conferees explained that the "charge" requirement imposed by the amendment still requires claimants to provide the Department of Labor with information sufficient to permit the Department to notify prospective defendants and to initiate conciliatory discussions. However, the amendment makes it clear that a complainant need only file one document with the Labor Department. The conferees also state unequivocally that

**10.** In relevant part § 4(b) of Pub.L.No.95–256 states:

Section 7(d) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626(d) is amended to read as follows:

"(d) No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—

"(1) within 180 days after the alleged unlawful practice occurred; or

"(2) in a case to which Section 14(b) applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. . . .."

29 U.S.C. § 626; as amended, (Supp. 1 at 650) (June 1978) (emphasis added).

The original text provides:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. 29 U.S.C. § 626(d) (emphasis added).

**11.** The Joint Explanatory Statement states that the conferees adopted the Senate Report's discussion of § 626(d). 1978 U.S.Code Cong. & Admin.News 534.

the "charge" requirement "is not a jurisdictional prerequisite to maintaining an action under ADEA and that therefore equitable modification for failing to file within the time period will be available to plaintiffs." 1978 U.S.Code Cong. & Admin. News, p. 534.

While the impact of this amendment for suits filed after its effective date is clear, the effect of the Congressional intent which motivated the amendment on cases filed before this effective date is subject to substantial disagreement. Plaintiffs maintain that the conferees' remarks clarify pre-existing Congressional intent.[12] Defendant argues that the conferees' statements indicate that the notice of intent to sue requirement had been a mandatory prerequisite. A fair reading of the Statement substantiates neither contention. The most that can be said of the conferees' remarks is that, after reviewing the divergent judicial interpretations of § 626(d), the Ninety-fifth Congress rejected the view that a mandatory notice provision was essential to the design of ADEA. Although such a determination is not retroactive and therefore does not control this Court's ruling, it is persuasive none the less.

Having concluded that the better interpretation of § 626(d) is that it is subject to equitable modification, the Court must determine whether plaintiffs may in fact be entitled to the tolling or estoppel of the notice requirement. It should be emphasized that in order for plaintiffs to prevail on the motion for summary judgement they need only demonstrate that there are genu-ine issues as to facts that will effect their right to a tolling or estoppel of the notice requirement contained in § 626(d). Fed.R. Civ.Proc. 56(c).

It is uncontroverted that neither named plaintiff has complied with the procedures prescribed by § 626(d). Mr. Graff acted in accordance with the first requirement of § 626(d) by waiting sixty days to commence this suit after he had filed his notice of intent to sue. However, Mr. Graff did not comply with the 300-day requirement of § 626(d)(2),[13] and Mr. Franci failed to satisfy either requirement of § 626(d). Mr. Graff was discharged in February of 1975 and did not file notice of intent to sue until October 8, 1976; some 570 days after his discharge. Mr. Franci has never filed notice of intent to sue.

■ The first factor that must be considered in determining the propriety of tolling or estopping the notice requirements of § 626(d) is whether the objectives of this requirement have been satisfied. The complaint initially filed by Mr. Graff with the Department of Labor accomplished the two principal objectives of § 626(d). Not only did it give the Department an adequate opportunity to achieve conciliation, but it afforded Avco sufficient notice of the possibility of this lawsuit. It was in a factual context much like this that the Tenth Circuit approved the tolling of § 626(d). *Dartt v. Shell Oil Co., supra* at 1261. When an employer has not been prejudiced by an employee's noncompliance with § 626(d), the factors that militate toward an equita-

---

12. In large part plaintiffs base their contention on a misquoted portion of the statement. While explaining a different amendment to ADEA, the conferees stated that the conciliation requirement of § 626(b) had properly been construed by the court in *Brennan v. Ace Hardware Corp.,* 495 F.2d 368, 376 (8th Cir. 1974) when that court ruled that district courts had equitable discretion to decline to stay lawsuits pending before them in order to permit the completion of conciliation between employee and employer. 1978 U.S.Code Cong. & Admin. News, pp. 534–535 (Vol. 4 May 1978). Even assuming that the Ninety-fifth Congress can clarify the legislative intent behind a provision of ADEA passed in 1967, any insight obtained with respect to the legislative intent

behind § 626(b) has no bearing on the construction of § 626(d).

13. Mr. Graff maintains that Avco's failure to rehire him was an ongoing violation of ADEA. If this view is accepted the notice filed by Mr. Graff on October 8, 1976 was timely at least with respect to the allegation in the complaint dealing with Avco's failure to rehire during the 300-day period that preceded the filing of notice. Although the Court recognizes that 29 U.S.C. § 623(a)(1) makes it unlawful to fail to hire an individual because of age, the Court's ruling that equity may compel the modification of the notice requirement makes it unnecessary also to rule on plaintiffs' continuing course of conduct theory.

ble modification are entitled to considerable weight. *Cf. Love v. Pullman Co.,* 404 U.S. 522, 526–527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) (Title VII); *Smith v. Jos. Schlitz Brewing Co.,* 419 F.Supp. 770, 777 (D.N.J. 1976).

 The equitable factors in this case may well compel that plaintiffs' noncompliance be excused. When they were discharged, both plaintiffs were confronted with a dilemma. While they believed they were wrongfully discharged, they had hopes of being recalled. It is critical to this opinion that plaintiffs' hopes appear to have been realistic beliefs that had been reinforced by repeated promises of imminent recall by Avco. A situation in which the employee's hopes of being recalled were founded on nothing more than optimistic self-delusions would present quite a different case. In the instant case, plaintiffs were forced to elect between anxiously waiting to be rehired and vigorously pursuing their legal remedies at the risk of jeopardizing their chances of being recalled. This Court concurs in the opinion expressed in *Bonham v. Dresser Industries, Inc., supra* at 192–93 (dictum) that an employee should not be required to file notice of intent to sue while his or her employment status is uncertain. The Third Circuit stated in *Bonham* that correspondence between an employer and an employee in which the employee is given "positive signals" about being rehired may estop the employer from subsequently asserting the defense of an untimely notice of intent to sue. *Bonham v. Dresser Industries, Inc., supra* at 193 & n.6. An employer that has received notice of an ex-employee's age discrimination claim and who has participated in conciliatory negotiations should be estopped from raising as a defense the employee's failure to file a timely notice of intent to sue when this failure is caused by the employer's

holding out hopes of reemployment. *See Ott v. Midland-Ross Corp.,* 523 F.2d 1367, 1370 (6th Cir. 1975).

 Another factor that has not been developed fully in the papers but that may alone be ample reason to toll the notice requirement is Avco's possible noncompliance with 29 U.S.C. § 627. Section 627 of ADEA requires every employer subject to the mandate of ADEA to keep posted a notice approved by the Secretary of Labor. The precise content required of this notice is unclear; § 627 only states that it must contain such information "as the Secretary [of Labor] deems appropriate to effectuate the purposes of [the Act]." 29 U.S.C. § 627.[14] At the very least it would seem that the posted notice should advise employees of the existence of ADEA and inform them of their need to obtain assistance in pursuing an age discrimination claim. *See Charlier v. S. C. Johnson & Son, Inc.,* 556 F.2d 761, 764 (5th Cir. 1977). This Court is in agreement with those courts that have held that an employer's failure to comply with § 627 should toll the running of the 300-day period prescribed by § 626(d)(2). *Bonham v. Dresser Industries, Inc., supra* at 1262 & n.5; *Skoglund v. Singer Co.,* 403 F.Supp. 797, 804–05 (D.N.H.1975); *Bishop v. Jelleff Associates, Inc.,* 398 F.Supp. 579, 593 (D.D.C.1974). *See Smith v. American President Lines, Ltd.,* 571 F.2d 102, 110 n.14 (2d Cir. 1978). *But see Adams v. Federal Signal Corp.,* 559 F.2d 433, 434 (5th Cir. 1977); *Eklund v. Lubrizol Corp.,* 529 F.2d 247, 249 (6th Cir. 1976); *Hiscott v. General Electric Co.,* 521 F.2d 632, 634 (6th Cir. 1975). It strikes the Court as more than a little incongruous to insist dogmatically on an employee's compliance with the complex requirement of § 626(d) without insisting on an employer's compliance with the straightforward mandate of § 627. This is especially so because demanding that employers comply with § 627 may be one of the best

14. Section 627 is clarified to a certain extent at 29 C.F.R. § 850.10 (1977) which states:

Every employer, employment agency, and labor organization which has an obligation under the Age Discrimination in Employment Act of 1967 shall post and keep posted in conspicuous places upon its premises the no-

tice pertaining to the applicability of the Act prescribed by the Secretary of Labor or his authorized representative. Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.

methods of attempting to assure that employees are informed of the notice requirements of § 626(d). Therefore, until evidence of Avco's compliance with § 627 is obtained, it is premature to rule on plaintiffs' noncompliance with § 626(d).

■ Finally, there is every indication that plaintiffs have made good faith efforts to pursue their ADEA remedy. There is nothing to suggest that plaintiffs had actual or constructive knowledge of the notice requirement. In marked contrast to the situation in *Reich v. Dow Badische Co.,* *supra,* there is no indication that an official at the Department of Labor informed plaintiffs of their duty to file a notice of intent to sue. Moreover, as soon as plaintiff Graff obtained counsel, he filed the requisite notice of intent to sue. At least one court has held that the absence of counsel is itself sufficient reason to toll the running of the 300-day period. *Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643, 646–47 (D.N.H.1977). Thus, in light of the equitable factors of which the Court is aware and the material facts that require elaboration, the Court denies defendant's motion for summary judgment on plaintiffs' ADEA claim.

## DUE PROCESS CLAIM

Plaintiffs' ADEA claim is accompanied by a due process claim.[15] The second count of the complaint basically restates the factual allegations of the first count and adds an allegation that Avco has violated plaintiffs' due process rights "by depriving [plaintiffs] of employment and equal employment opportunity." Plaintiffs explain in their memorandum that this allegation is intended to challenge Avco's alleged policy of making employment decisions on the basis of a presumption that plaintiffs were unfit to continue their duties or to be promoted because of their age. Plaintiffs argue that such a policy would entitle them to a due process hearing in which they would be afforded an opportunity to rebut the negative presumption of their fitness. Even assuming that the complaint alleges

facts upon which this challenge can be based and that plaintiffs will be able to prove the existence of such a discriminatory policy, plaintiffs' novel contention must fail.

■ Plaintiffs cite no authority for the proposition that older employees of government contractors are entitled to a fitness-hearing prior to their discharge or to being passed over for a promotion. Furthermore, the Supreme Court's decision in *Cafeteria Workers v. McElroy,* 367, U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961), upholding the exclusion of a cook from the site of her former employment without a hearing, suggests that plaintiffs are not entitled to such a hearing. More recent decisions of the Court also indicate that plaintiffs have neither a "liberty" nor a "property" interest in their employment at Avco sufficient to invoke the procedural protection of due process clause. *Compare Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (discharge of police officer who had been classified as "permanent employee") and *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1964) (nonrenewal of a nontenured state teacher's contract) *with Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), (nonprobationary federal employee with statutory right to be discharged only after "cause" is shown is entitled to limited termination hearing). Moreover, this Court finds little merit to the suggestion that discriminatory policies of government contractors can be redressed by mandatory fitness-hearings in which the array of procedural due process rights are provided.

At bottom plaintiffs' second count is an effort to raise their age discrimination claim under a different guise. If such a claim is to prevail, it must be as the result of proper resort to ADEA.

## PROPRIETY OF A CLASS ACTION

■ The final issue raised by defendant's motion is whether plaintiffs' suit can be maintained as a class action. Defendant

---

**15.** Both parties acknowledge that Avco's "symbiotic relationship" with the United States government subjects Avco to liability on the basis of the due process clause of the Fifth Amendment. *Holodnak v. Avco Corporation,* *Avco-Lycoming Division,* 514 F.2d 285, 289–90 (2d Cir. 1975).

contends that plaintiffs' ADEA claim cannot proceed as a class action because all class members in ADEA suits must individually file a notice of intent to sue and a written form to opt-into the class. The ultimate determination of the propriety of class certification in this case is better left until the facts are more fully developed, but the Court can safely address defendant's contention at this preliminary stage in the proceedings. First, it is not necessary for every member of a class suing under ADEA to file notice individually. To the extent that timely notice filed by one named plaintiff fairly raises the claims of the class, the notice requirement for the entire class is satisfied. *Pandis v. Sikorsky Aircraft, supra* at 797–98; *Locascio v. Teletype Corp.,* 74 F.R.D. 108, 112 (N.D.Ill.1977); *Burgett v. Cudahy Co.,* 361 F.Supp. 617, 622–24 (D.Kan.1973). *But see Smith v. Jos. Schlitz Brewing Co., supra; Skoglund v. Singer Co., supra; Oshiro v. Pan American World Airways,* 378 F.Supp. 80 (D.Hawaii 1974); *Price v. Maryland Casualty Co.,* 62 F.R.D. 614 (S.D.Miss.1972). As Judge Newman explained in *Pandis v. Sikorsky Aircraft, supra,* it makes little sense to require each class member to go through the repetitive and often futile motion of notifying the Department of Labor when the claims of all class members have been fairly raised by a named plaintiff.

Secondly, defendants are correct in noting that 29 U.S.C. § 626(b) incorporates by reference the opt-in class action procedure of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq. See Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir. 1977); *Pandis v. Sikorsky Aircraft, supra* at 796. However, the Court can find neither reason nor authority for requiring named plaintiffs to opt into their own suit by filing a consent to sue.

For the above reasons, the Court denies defendant's motion for summary judgment on plaintiffs' ADEA claim, dismisses plaintiffs' due process claim and reserves judgment on the question of the certification of plaintiffs' class action.