John T. WRIGHT, Plaintiff-Appellant,

v.

STATE OF TENNESSEE, Tennessee Wildlife Resources Agency, Tennessee Consolidated Retirement System, Harlan Mathews and Gary Fisher, Defendants-Appellees.

No. 77–1546.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1979.

Decided Jan. 24, 1980.

J. Houston Gordon, Tual, Gordon, Tual, Forrester & Kuhn, Memphis, Tenn., for plaintiff-appellant.

Wm. M. Leech, Jr., Atty. Gen. of Tennessee, Robert B. Littleton, Nashville, Tenn., for defendants-appellees.

Before CELEBREZZE, MERRITT and KENNEDY, Circuit Judges.

PER CURIAM.

Plaintiff Wright appeals the District Court's dismissal of his suit alleging age discrimination in violation of the Fourteenth Amendment, 42 U.S.C. § 1983, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (1976) (ADEA).

On June 30, 1974, appellant Wright was "mandatorily" retired at age 59 from the Tennessee Wildlife Resources Agency, State of Tennessee, pursuant to Tenn.Code Ann. § 8–3905(b). On June 22, 1976, Wright filed suit in the United States District Court for the Western District of Tennessee alleging that his termination violated the Equal Protection Clause, 42 U.S.C. § 1983, and the ADEA.

Wright has two claims for relief: the first, a constitutional claim under the Fourteenth Amendment's Equal Protection Clause, a claim over which federal courts have jurisdiction by virtue of 28 U.S.C. § 1343 (1976); the second, a claim under the Age Discrimination Act, 29 U.S.C. § 623(a) (1976).

With respect to the equal protection claim, the District Court correctly held that it is time-barred. There is no applicable federal statute imposing a limitations period on constitutional claims. Therefore, the appropriate state statute is used. *See* 28 U.S.C. § 1652 (1976); 42 U.S.C. § 1988 (1976); *Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Warner v. Perrino,* 585 F.2d 171 (6th Cir. 1978). This court has held that Tennessee's one-year statute, Tenn. Code Ann. § 28–304, provides the applicable limitations period for the type of constitutional claim asserted here. *See Harrison v. Wright,* 457 F.2d 793 (6th Cir. 1972). Since plaintiff's claim arose more than a year before suit was brought, the claim is barred.

Plaintiff's claim under the Age Discrimination Act is also time-barred. Plaintiff was terminated on June 30, 1974, two months after the Act became applicable to units of state government. *See* 29 U.S.C.A. § 630(b) and notes thereto and the notes appended to 29 U.S.C.A. § 202.

The District Court properly ruled that it lacked jurisdiction to hear plaintiff's Age Discrimination in Employment Act claim. 29 U.S.C. § 626(d)(1) requires that, "within one hundred and eighty days after the alleged unlawful practice occurred," potential age discrimination plaintiffs must notify the Secretary of Labor that they intend to file suit. In the absence of timely notice to the Secretary, § 626(d) provides that "[n]o civil action may be commenced." Plaintiff did not inform the Secretary of his plan to bring suit until March 25, 1975, more than 180 days after the allegedly discriminatory termination of his employment had taken place.

Plaintiff argues that the District Court should have tolled the notice period. He implies that the Tennessee Wildlife Resources Agency may not have complied with its statutory duty to post information regarding the ADEA. According to plaintiff, he saw nothing to advise him of his rights under the Act until after the 180-day period had expired. He contends that the District Court thus should have held that the 180-day period within which he had to notify the Secretary did not begin until at least December 1974, when he first had knowledge of the Act. Under this measurement of time, the plaintiff would have fulfilled the notice provision.

Some courts have regarded the notice requirement of § 626(d)(1) as a statute of limitations that courts can toll for equitable reasons. *See Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1259–61 (10th Cir. 1976), *aff'd by equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (per curiam); *Edwards v. Kaiser Aluminum & Chem. Sales, Inc.*, 515 F.2d 1195, 1198–99 (5th Cir. 1975) (dictum); *Skoglund v. Singer Co.*, 403 F.Supp. 797, 803–05 (D.N.H.1975); *Bishop v. Jelleff Assoc's*, 398 F.Supp. 579, 592–93 (D.D.C.1974). Courts regularly have removed statutes of limitations as a bar to suits where the harm was inherently unknowable to the plaintiff or the conduct of the defendant, even if innocent, has interfered with commencement of litigation. *See Developments in the Law—Statutes of Limitations*, 63 Harv.L.Rev. 1177, 1203–05, 1220–22 (1950). The failure of an employer to post statutorily-mandated information regarding the Age Discrimination in Employment Act thus has moved several courts to excuse non-compliance with the 180-day notice requirement. *See, e. g., Skoglund v. Singer Co.*, 403 F.Supp. at 804–05.

Our court has subscribed to the contrary view that the notice requirement is an absolute jurisdictional prerequisite to considera-tion of an Age Discrimination in Employment Act claim. In *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975), the "critical issue on appeal" was "whether the notice requirement . . . is juris-dictional." *Id.* at 633. The panel unanimously held that the requirement is juris-dictional and, therefore, not subject to judicial modification. Moreover, the panel added, "we find nothing in the Act nor in its legislative history to indicate that compliance with the notice provision was intended to be tolled or excused by the employer's failure . . . to post the informational notices." *Id.* at 634. The court in *Hiscott* was unwilling, based on its characterization of the notice requirement as jurisdictional, to forgive non-compliance with the notice rule for equitable reasons.

Unless an *en banc* panel of this Court overrules the *Hiscott* decision, we are compelled to apply the *Hiscott* holding to the facts of this case. We recognize that subsequent opinions of this Court have expressed misgivings about the correctness of the *Hiscott* rule. *See Gabriele v. Chrysler Corp.*, 573 F.2d 949, 954 n. 15 (6th Cir. 1978); *Eklund v. Lubrizol Corp.*, 529 F.2d 247, 249–50 (6th Cir. 1976) (entertaining equitable considerations); *id.* at 250–51 (McCree, J., dissenting); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393, 395 (6th Cir. 1976) (McCree, J., dissenting). Likewise commentators have urged adoption of a statute of limitations approach to the 180-day notice requirement. *See* Note, *Procedural Prerequisites to Private Suit Under the Age Discrimination in Employment Act*, 44 U.Chi.L. Rev. 457, 473–74 (1977).[1] Yet the authority of the *Hiscott* rule remains intact in this Circuit, and we must heed it. The allegation that plaintiff had no knowledge of his statutory rights until after the jurisdictional period ended, even if proven to be the fault of the employer, would not have restored jurisdiction to the District Court.

---

1. *See generally* Levien, *The Age Discrimination in Employment Act: Statutory Requirements and Recent Developments*, 13 Duq.L.Rev. 227 (1974); Note, *The Age Discrimination in Employment Act of 1967*, 90 Harv.L.Rev. 380, 381–82 n. 10 (1976); Note, *Procedural Aspects of the Age Discrimination in Employment Act of 1967*, 36 U.Pitt.L.Rev. 914 (1975); Note, *The Cost of Growing Old: Business Necessity and the Age Discrimination in Employment Act*, 88 Yale L.J. 565, 569 n. 19 (1979).

Accordingly, the judgment of the District Court is affirmed.

