**Berthold PHILLIPS, Plaintiff,**

v.

**GREENE COUNTY, TENNESSEE, Defendant.**

**No. CIV–2–80–66.**

United States District Court, E. D. Tennessee, Northeastern Division.

May 20, 1980.

Berthold Phillips, pro se.

Ben K. Wexler, Greeneville, Tenn., for defendant.

## MEMORANDA OPINIONS AND ORDER

NEESE, District Judge.

The *pro se* complaint herein is virtually incomprehensible; it does not comply in the slightest way with the elementary requirements of federal pleading as set forth in Rule 8(a), Federal Rules of Civil Procedure.[1] This action appears to be the latest of many filed by Mr. Phillips complaining about his commitment to a state mental institution in 1960.[2] As best the Court can determine, this action complains about the existence in the files of Greene County, Tennessee of certain records relating to that commitment and of the inability of Mr. Phillips to obtain a hearing for some unspecified purpose.

---

1. " * * * A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * * [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *." Rule 8(a), Federal Rules of Civil Procedure.

2. *See* and *cf.*: *Berthold Phillips*, plaintiff, *v. County of Greene*, defendant, civil action no. 2208; *Berthold Phillips*, plaintiff, *v. Paul Moore and Carl Baxter*, defendants, civil action no. 2626; *Berthold Phillips*, plaintiff, *v. John Solomon*, defendant, civil action no. 2704; *Berthold Phillips*, plaintiff, *v. Hal Henard, et al.*, defendants, civil action no. 2705; *Berthold Phillips*, plaintiff, *v. Thomas M. Hull, et al.*, defendants, civil action no. 2706; *Berthold Phillips*, plaintiff, *v. Greene County, Tennessee*, defendant, civil action no. 2792; *Berthold Phillips*, plaintiff, *v. Carl Baxter*, defendant, civil action no. 2793; *Berthold Phillips*, plaintiff, *v. Carl Baxter*, defendant, civil action no. 2832; *Berthold Phillips*, plaintiff, *v. Carl Baxter*, defendant, civil action no. 2838; and *Berthold Phillips*, plaintiff, *v. John Armstrong*, defendant, civil action no. 2841 (all such civil actions in this district and division).

**2**

To the extent that the plaintiff is seeking to recover damages for the deprivation of his federally-protected civil rights in connection with his 1960 commitment to the mental institution, his claims are barred clearly by the applicable 1-year statute of limitations, T.C.A. § 28–304. *Wright v. State of Tennessee*, C.A. 6th (1980), 613 F.2d 647. As to his demand for benefits under the Social Security Act, this Court lacks jurisdiction of the subject matter, the prerequisites set forth in 42 U.S.C. § 405(g) not having been alleged nor demonstrated. *See Califano v. Sanders* (1977), 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192.

The Court considered also that the plaintiff may be asking this Court to order all state records relating to his commitment expunged. " * * * The right to expungement of state records is not a federal constitutional right * * *," and this Court has no power to issue such an order. *Duke v. White*, C.A. 6th (1980), 616 F.2d 955, 956. Furthermore, this action cannot be treated as a petition for the federal writ of habeas corpus, since Mr. Phillips does not allege that he is in custody in any fashion. *Idem.*

In sum, the Court is not able to discern any basis for its jurisdiction of the subject matter herein and concludes that the plaintiff has not stated any claim upon which he could be granted relief by this Court. Accordingly, the motion of the defendant hereby is GRANTED, and this action hereby is DISMISSED for lack of the Court's jurisdiction of the subject matter and the failure of the plaintiff to state a claim upon which relief can be granted.