**Rosa POWELL, Plaintiff-Appellant,**

**v.**

**SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant-Appellee.**

**No. 73–1250.**

United States Court of Appeals,
Fifth Circuit.

May 23, 1974.

Rehearing and Rehearing En Banc
Denied Aug. 6, 1974.

Alvin A. Ohm, G. William Baab, Dallas, Tex., for plaintiff-appellant.

Joe L. Randle, J. H. Hand, Dallas, Tex., for defendant-appellee.

Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.

SIMPSON, Circuit Judge:

Appellant Rosa Powell sued Southwestern Bell Telephone Company (the Company) alleging that it had denied her employment as a telephone operator on the basis of her age, and thus in violation of the Age Discrimination in Employment Act (ADEA), Title 29, U.S.C., Sec. 621 et seq. The district court dismissed the action based on a finding that appellant had failed to give notice to the Secretary of Labor of her intent to file a private suit within 180 days of the alleged unlawful practice as required by Title 29, U.S.C. Sec. 626(d), Section 7(d) of the act. Agreeing with the finding of the district court and its dismissal thereunder, we affirm.

Some facts are in dispute, but those necessary to our review are not. We briefly delineate them. On February 6, 1970, Ms. Powell made a written application for employment as an operator to the company at its Cleburne, Texas office. From an affidavit of Dorothy Raney, the company employee responsible for hiring at that time it appears that ten operator job vacancies existed, nine for work as temporary operators and one as full time. Ms. Powell was informed that no operators were being hired.

Shortly thereafter appellant complained to the Department of Labor about what she believed to be unlawful discrimination by appellee against her because of her age. The Department acknowledged receipt of this information by letter dated February 17, 1970, and advised appellant to note the specific time limits governing the circumstances under which she could file her own suit. On June 12, 1970, the Department informed Ms. Powell that it could not substantiate her claim of discrimination by reason of age and thus could take no further action. The existence of specific time limits in connection with private lawsuits was reiterated, together with

the fact that nothing done by appellant to that point was considered to be notice of her intent to file suit. Appellant responded by letter dated June 16, 1970, in which she indicated that it was her wish that the Department of Labor bring suit against Southwestern Bell.

The Compliance Officer handling her case, the Regional Solicitor for the Department, and finally the Department's litigation section in Washington, D.C. in turn reviewed Ms. Powell's request that the Department bring suit. On March 11, 1971, appellant was informed by the Area Director of the Wage and Hour Division of the Department that no action would be taken in her behalf. The reason was agreed by all involved to be a lack of evidence sufficient to sustain the required burden of proof. On March 23, 1971, appellant did give notice of her intent to file private suit, which the Regional Director, M. J. Parmenter, erroneously deemed to be timely, as evidenced by a letter written by him on April 27, 1971 to U.S. Congressman Olin E. Teague. During May of that year appellant provided the Department with additional information concerning the alleged discrimination. On June 28 the Department informed her by letter that the new information was not sufficient to alter its decision regarding litigation of her claim. This ended the Department's involvement in the case.

On appeal from the district court's dismissal of her case as filed out of time, appellant makes three separate claims of error alleging improper dismissal of her suit because (1) the 180 day time limit is not a jurisdictional requirement; (2) because material issues of fact had not been resolved; and (3) because the 180 day time limit, even if jurisdictional, had been tolled.

## NOTICE OF INTENT TO SUE WITHIN 180 DAYS

Appellant launches a broad based attack upon the district court's interpretation of Sec. 7(d) of the Act, Title 29, U.S.C. Sec. 626(d). Sec. 7(d) provides, in pertinent part, that:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
(1) within one hundred and eighty days after the alleged unlawful practice occurred, . . .

Appellant argues that dismissal for failure to comply with the 180 day requirement is inconsistent with the existence of a separate statute of limitations, with the legislative history of the ADEA and with judicial interpretation of similar provisions of the Equal Employment Opportunity Act, (EEOA), Title 42, U.S.C., Sec. 2000e et seq., and hence that action of the district court was error. We are unpersuaded.

Sec. 7(e) of the ADEA expressly incorporates the statute of limitations found in the Portal-To-Portal Act, Title 29, U.S.C., Sec. 255. That limitation is two years for nonwillful violations of the statute and three years if the violation is shown to have been willful. Appellant argues that to dismiss an action for failure to file a notice of intent to sue within 180 days of the unlawful practice imposes an additional and considerably shorter limitation upon all prospective plaintiffs. Our perception of the two time limits is quite different and we find appellant's argument rather disingenuous. The 180 day limit is not upon the filing of suit, but upon notice to the Secretary that one intends to bring suit. Thus it is entirely possible to comply with the notice requirement, yet still be in violation of the limit on filing an action by exceeding the two or the three year provisions of the Portal-To-Portal Act. The notice requirement in no way supplants the statutory period of limitation engrafted from the Portal-To-Portal Act. Rather it is simply a prerequisite to the right to file any suit whatsoever under the ADEA.

Appellant goes on to cite the legislative history pertaining to the ADEA in support of the proposition that the 180

day limit is not jurisdictional in nature, but merely directory. While nothing in that history addresses the precise question, we find that there is some support for, if anything, a contrary view. House Report 805, in discussing the companion requirement of a 60 day waiting period between notice of intent and the actual filing of suit, characterizes the notice as a "condition precedent" to filing. A permissible inference is that the requirement of timeliness attending the notice is likewise a condition precedent to suit. H.R.Rep.No.805, 90th Cong., 1st Sess. (1967); 1967 U.S.Code Cong. and Admin.News pp. 2213, 2218. Later in the same report it is noted that "persons intending to file civil actions under this act *must* give the Secretary of Labor 60 days' notice before doing so." (emphasis supplied) 1967 U.S.Code Cong. and Admin.News p. 2223. More to the point, the Senate Report stated that "in the case of suits brought by individuals notice of intention to sue *must* be given the Secretary of Labor within 180 days after the alleged unlawful practice occurred, . . ." (emphasis supplied) S.Rep.No.723, 90th Cong., 1st Sess. (1967); 113 Cong.Rec. 31251.

Perhaps the most interesting feature of the origin of the 180 day notice limitation is that it appeared in the original bill as introduced in the Senate, was deleted from the House passed bill, and was restored by the amendment in the Senate when the House bill was returned for consideration by the upper chamber. The House concurred in the amendment. Its restoration, together with that of several other portions of the original Senate bill, was "intended to answer some of the disquiet in American business . . . keeping also in mind the practical problems of administration, . . ." 113 Cong.Rec. 35056 (Remarks of Senator Javits). It is logical that the 180 day notice was intended to insure that potential defendants would become aware of their status and the possibility of litigation reasonably soon after the alleged discrimination since the notice goes from the Secretary of Labor on to the employer involved. In turn this would promote the good faith negotiation of employers during the 60 day conciliation period and provide an opportunity for preservation of evidence and records for use at a trial necessitated by failure of negotiation. It does not, as appellant asserts on brief, "force a claimant to the courthouse while the Secretary, the employee and the employer are still in the process of mediating the dispute." Rather, it gives notice to concerned parties that the plaintiff intends to sue and may do so within the applicable two or three year statute of limitations.

■ Plaintiff seeks to bolster the foregoing argument by analogizing the 180 day notice requirement in the ADEA with the 90 day charging requirement in the EEOA.[1] The latter has been interpreted liberally, though it has not yet been held directory rather than jurisdictional. The attempted analogy must fail. The 180 day notice requirement of the ADEA is contained in the subsection expressly dealing with time limits on civil actions. On the other hand, the 90 day charging requirement of the EEOA is found in an entirely separate subsection which precedes the subsection limiting the filing of civil actions under the act to within 30 days of Commission notification to the party. Thus whereas the EEOA needed interpretation on the issue of jurisdictional import, the ADEA has no such corresponding need, as the language used is abundantly clear. Moreover, interpretation by this court of the 90 day EEOA charging requirement indicates only that alternative action may suffice, not that a lack of compliance may be excused. See Boudreaux v. Baton Rouge Marine Contracting Company,

1. While it is unimportant to our analysis of the problem, we note that the 90 day requirement in former Title 42, U.S.C., Sec. 2000e–5(d) has been changed to 180 days and is now in Sec. 2000e–5(e). Act of March 24, 1972, Pub.L.No.92–261.

5 Cir. 1971, 437 F.2d 1011 (acknowledging authority to the effect that the 90 day requirement is jurisdictional, but not ruling on the point); Sanchez v. Standard Brands, Inc., 5 Cir. 1970, 431 F.2d 455 (amendment to timely filed complaint may include grounds not articulated in original); Culpepper v. Reynolds Metals Co., 5 Cir. 1970, 421 F.2d 888 (90 day requirement tolled while union member pursues grievance procedure). Even if we were to hold that an alternative was permissible, Ms. Powell's action cannot benefit from the rationale of the above cases, since she took no action which can be construed to satisfy the notice requirement. We reject appellant's argument that her June 16, 1970 letter asking the Secretary to sue in her behalf constituted notice. Notice of a desire that an agency of the federal government commence litigation on one's behalf simply does not equate with notice of such an individual's personal intent to commence a private lawsuit.

We note finally that while this is a case of first impression in the courts of appeal, a similar conclusion has been reached by district courts considering the question. See, e. g., Gebhard v. GAF Corp., D.D.C.1973, 59 F.R.D. 504; Price v. Maryland Casualty Co., S.D. Miss.1972, 155 F.R.D. 614; Cochran v. Orthe Pharmaceutical Co., E.D.La. Jan. 24, 1973, C.A.No.71–1022 (Minute Entry).

### MATERIAL ISSUES OF FACT

█ Appellant correctly points out that a motion to dismiss a complaint should not be granted if material issues of fact are unresolved. But, we cannot agree with her assertion that such issues existed at the time this action was dismissed by the district court.

█ The complaint stated that "on or about February 6, 1970, and continuing to date (February 3, 1972), defendant refused to employ plaintiff Rosa Powell because of her age. . . ." Since all well pleaded allegations in a complaint are to be assumed true on a motion to dismiss, it is urged that the purportedly "continuing" nature of the discrimination means that the 180 day notice requirement would not have begun to run. We hold that the alleged discrimination was not of a "continuing" nature. The affidavit of Dorothy E. Raney showed that no one at all had been hired as an operator at the Cleburne office of the Company between August 10, 1970 and the time the affidavit was taken, October 30, 1972. It is thus manifest that *even if* appellant had been denied employment because of her age as late as the date when the last operator was hired, any denial subsequent to August 10, 1970 was not "because of her age", but because of a lack of job openings. Since the actual notice of intent to file a private lawsuit came on March 23, 1971, the 180 day requirement was unsatisfied. 180 days from August 10, 1970, as we calculate it, expired February 7, 1971. The cases cited by appellant in connection with "continuing discrimination" are inapposite, since they deal with overt, documented company policies in full force and effect at the time suit was brought. See, e. g., Bartmess v. Drewrys U.S.A. Inc., 7 Cir. 1971, 444 F. 2d 1186, cert. denied, 1971, 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252; Mixon v. Southern Bell Telephone & Telegraph Co., N.D.Ga.1971, 334 F.Supp. 525.

Appellant strains to establish other unresolved material issues of fact, but the record fails to support her contentions. As indicated supra, appellant's June 16, 1970 letter to the Department of Labor may not be construed as notice of *her* intent to bring a private lawsuit. It is equally plain, as noted, from the Raney affidavit that "no operator ha[d] been hired at Cleburne, Texas, since said date of August 10, 1970." Thus there is present no issue as to the possible date of any discrimination.

█ Appellant bases her final assignment of error upon the tolling theory discussed above. It is urged that when the Secretary's help was invoked in negotiating with the alleged discriminator

the 180 day notice requirement was tolled in the same manner that the commencing of formal grievance procedures has been held to toll the 90 day charging requirement of the EEOA. Culpepper v. Reynolds Metals Co., supra. Although we are not insensitive to the policy considerations advanced by Ms. Powell in this regard, our sympathy is an insufficient basis upon which to justify an extension of the tolling theory to meet her predicament. She was expressly alerted to the time limitations for possible action, both private and agency assisted. To consider informal action by the Secretary in her behalf as tolling the 180 day requirement would be to read the notice section out of the statute, an action we are not prepared to take.

Error in the proceedings below is not demonstrated, and we affirm the order dismissing appellant's claim as filed out of time.

Affirmed.