**Delmer E. WOODBURN,
Plaintiff-Appellant,**

v.

**LTV AEROSPACE CORPORATION,
Defendant-Appellee.**

No. 75–4207
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 14, 1976.

Edward B. Cloutman, Dallas, Tex., Ed J. Polk, San Francisco, Cal., for plaintiff-appellant.

David A. Ives, William L. Neary, Dallas, Tex., for defendant-appellee.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

Delmer Woodburn brought an action against LTV Aerospace Corporation (LTV),

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

his former employer, charging that the defendant violated and was continuing to violate the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–34. The trial court dismissed the action for Woodburn's failure to comply with 29 U.S.C. § 626(d). That section provides that "[n]o civil action may be commenced . . until the [plaintiff] . . . has given the Secretary [of Labor] . . . notice of an intent to file such action . . . within one hundred and eighty days after the alleged unlawful practice occurred". The district court heard testimony with respect to LTV's motion to dismiss and found that Woodburn orally notified the Department of Labor of his intention to sue more than 180 days after his allegedly discriminatory discharge from LTV. In light of its finding that LTV's failure to offer Woodburn reemployment did not constitute a continuing violation of ADEA, the court held that such notice, even if otherwise valid, was untimely.

The question on appeal, then, is whether a discriminatory discharge and failure to reemploy the plaintiff amount to such a continuing violation that the 180-day notice requirement is tolled.

We note first that

the 180 day notice was intended to insure that potential defendants would become aware of their status and the possibility of litigation reasonably soon after the alleged discrimination . . . . In turn this would promote the good faith negotiation of employers during the 60 day conciliation period . . . .

*Powell v. Southwestern Bell Telephone Co.*, 5 Cir. 1974, 494 F.2d 485, 488. Moreover, we have observed that

the notice alerts the Secretary of Labor to situations which affect other employees and allows him to determine whether agency litigation should be initiated. . . . It enhances employee/employer relations by encouraging voluntary rectification and precludes premature resort to the courts, conserving judicial resources.

*Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 5 Cir. 1975, 515 F.2d 1195, 1198. With this understanding of the purposes of § 626(d), we turn to the precise question presented on appeal.

In *Powell, supra*, we rejected a similar "continuing violation" argument attempting to justify late notice. There, the plaintiff alleged a discriminatory failure to hire. We found no sufficient continuing violation. The notice was filed more than 180 days after the employer had hired the last person to fill the vacancy that the plaintiff had sought.

Here, it appears that hiring and firing in jobs similar to Woodburn's continued after Woodburn's discharge. In *Powell*, the Court noted that the employer had stopped hiring altogether. *Powell*, therefore, is arguably support for the theory that continued hiring of others constitutes a "continuing violation". To so hold, however, would almost eliminate any practical effect of the notice provision. It would be unreasonable to construe § 626(d) so as to frustrate the intent of Congress to encourage mediation and reconciliation. Moreover, as has been suggested, "the critical factor in finding a continuing violation [after an] . . . initial layoff [is] . . . the repeated refusal of the company to rehire the plaintiff in accordance with [his] seniority rights as provided for in [a] collective bargaining agreement". *Hiscott v. General Electric Co.*, 6 Cir. 1975, 521 F.2d 632, 635. LTV had no contractual obligation to rehire Woodburn.

There was no continuing violation in *Powell*, and no evidence here of "overt, documented company policies", 494 F.2d at 489, which might constitute an excuse for late notice. The plaintiff, by failing to give the required notice within the statutory time period, has no cause of action under ADEA.

AFFIRMED.