William R. SPENCER

v.

**MOORE BUSINESS FORMS, INC.,** **Thomas H. Atkins, Henry P. Cooper, and Daniel G. Royal.**

**Civ. A. No. C76–779A.**

United States District Court, N. D. Georgia, Atlanta Division.

Oct. 11, 1977.

Martin D. Chitwood, Atlanta, Ga., for plaintiff.

Palmer H. Ansley, F. Clay Bush, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga.,

Brian F. Toohey, Cohen, Swados, Wright, Hanifin, Bradford & Brett, Buffalo, N.Y., for defendant.

## ORDER

MURPHY, District Judge.

This action arises out of the allegedly discriminatory employment practices of defendant Moore Business Forms, Inc. Count I alleges a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Jurisdiction is established under 29 U.S.C. § 626. Count II alleges conspiratorial and tortious misconduct in violation of Ga. Code Ann. § 105–1401. Jurisdiction is established under 28 U.S.C. § 1332. Count III alleges the right to recover vindictive damages pursuant to Ga. Code Ann. § 105–2003.

1. Defendant has submitted a motion to dismiss Count I for lack of jurisdiction. Defendant contends that plaintiff failed to comply with the jurisdictional pre-requisites of 29 U.S.C. § 626(d). As provided by that section:

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such action shall be filed—
>
> (1) within one hundred and eighty days after the alleged unlawful practice occurred, or
>
> \* \* \* \* \* \*

Plaintiff admits that, if the 180 day period is regarded as inflexible, then the notice of intent to file was given outside of the statutory period.

The Fifth Circuit first examined the role of the Age Discrimination in Employment Act's 180 day notice obligation in *Powell v. Southwestern Bell Telephone Company,* 494 F.2d 485 (1975). *Powell* reviewed the legislative history of the Act and drew "the permissible inference that the requirement of timeliness attending notice is a condition precedent to suit. The Court expressly rejected an attempted analogy to the liberal interpretation afforded the Equal Employ-

ment Opportunity Act, 494 F.2d at 488. (Thus, plaintiff's extensive reliance on *Reeb v. Economic Opportunity of Atlanta,* 516 F.2d 924 (5th Cir. 1975) is misplaced.) The court strictly construed the obligations of the Act and held the 180 day obligation to be jurisdictional.

In *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195 (1975), the Fifth Circuit reviewed this issue. In *Edwards,* plaintiff retained two attorneys, the first of which failed to file notice of the intent to sue within 180 days of the last discriminatory act. By the time the second attorney had filed notice, the 180 days had passed. The court affirmed a dismissal of the action, however. Despite implications that the 180 day period could be tolled under the proper circumstances, the court restated the *Powell* view that the 180 day notice provision is a mandatory, jurisdictional condition precedent to suit.

Plaintiff contends that the 180 day time limit should be tolled because of his physical incapacity which resulted from the acts of the defendants and made the giving of notice impossible within the recommended time frame. Plaintiff cites *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976) cert. granted, 429 U.S. 1097, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977) as authority for the proposition that the 180 days notice obligation may be tolled.

The clearest indication from the Fifth Circuit is that there can be no tolling of the jurisdictional obligation to give notice of the intent to sue within 180 days of the alleged unlawful practice. Regardless of the verity of that view and of the forthcoming Supreme Court review of *Dartt,* allegations of illness are not sufficient to warrant a tolling of the statutory notice obligation. *Hays v. Republic Steel Corp.,* 531 F.2d 1307 (5th Cir. 1976). It must be noted that in *Dartt* the equitable tolling was invoked on behalf of one who had assiduously prosecuted her claims with the Department of Labor but had failed to fulfill the express requirements of the Age Discrimination in Employment Act because of inadequate legal counsel.

Plaintiff failed to file with the Secretary of Labor notice of an intent to sue within one hundred and eighty days after the alleged unlawful practice occurred. Therefore, Count I must be dismissed.

2. Defendant has submitted a motion for summary judgment as to the allegations of Count II. Essentially, defendant contends that the agents of a corporation may not conspire with a corporation when those agents are acting in their capacity as agents. *Pearson v. Youngstown Sheet and Tube Company,* 332 F.2d 439 (7th Cir. 1964); *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911 (5th Cir. 1952).

Plaintiff is permitted to plead alternative claims. A violation of Ga. Code Ann. § 105–1401 or the common law may arise if the facts establish either that the individuals conspired as individuals to deprive plaintiff of his protected property rights, or that all or some of them acted on behalf of their principal. See, *N.A.A.C.P. v. Overstreet,* 221 Ga. 16, 142 S.E.2d 816 (1965). Defendant's motion is legally insufficient to warrant an award of summary judgment. Rule 56(c), Federal Rules of Civil Procedure.

3. The possibility of recovery under Georgia law having been recognized, Count III may withstand a motion for summary judgment.

4. Defendant has requested a stay of this proceeding because a related case is proceeding apace in Fulton Superior Court. If that case should come to conclusion first, and should it be dispositive of the issues in this case, it would of course be res judicata. However, at this stage, the mere existence of that proceeding does not warrant a denial of plaintiff's right to continue in federal court.

5. Plaintiff has submitted a motion to compel production of documents and a coordinate motion to extend discovery sixty days. These issues concern the age discrimination allegations of Count I. Count I has been dismissed, and this motion is therefore moot.

6. Accordingly, defendant's motion to dismiss Count I is GRANTED; defendant's motion for summary judgment on Counts II and III is DENIED; and defendant's motion for a stay is DENIED. The motions to compel production and extend discovery are MOOT.

SO ORDERED, this 11th day of October, 1977.