Doyle W. COTTON, Jr., et al., Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Defendant.

No. 87–C–889–E.

United States District Court, N.D. Oklahoma.

Aug. 19, 1988.

Judy Hamilton Morse, Gary W. Davis, Robert D. McCutcheon, Crowe & Dunlevy, Robert E. Bacharach, Oklahoma City, Okl., for plaintiffs.

John N. Hermes, Robert W. Dace, John M. Mee, Oklahoma City, Okl., Theodore A. Levine, Charles E. Davidow, Sheila C. Cheston, Washington, D.C., for defendant.

## ORDER

ELLISON, District Judge.

The court has for consideration the Findings and Recommendations of the Magistrate filed July 25, 1988, in which the Magistrate recommended that defendant's Motion to Dismiss be granted and that plaintiffs' complaint be dismissed for failure to state any claims which would entitle plaintiffs to relief. No exceptions or objections have been filed and the time for filing such exceptions or objections has expired.

After careful consideration of the record and the issues, the court has concluded that the Findings and Recommendations of the Magistrate should be and hereby are affirmed.

It is therefore Ordered that defendant's Motion to Dismiss is granted and plaintiffs' complaint is dismissed for failure to state any claims which would entitle plaintiffs to relief.

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE

JOHN LEO WAGNER, United States Magistrate.

Now before the Magistrate is defendant's Motion to Dismiss (Docket # 6).[1] A hearing was held on June 16, 1988 and oral arguments were heard. Having reviewed the arguments, pleadings, and applicable law, the Magistrate finds and recommends as follows.

This action has been brought under the Securities Exchange Act of 1934, 15 U.S.C. § 78j and Rule 10b–5, 17 C.F.R. 240.10B–5, promulgated thereunder. Plaintiffs' main allegation is that defendant handled the sale of plaintiffs' stock in United Energy Resources, Inc. ("United") shortly before Midcon Corporation ("Midcon") merged with United, causing the stock values to rise, and that defendant knew of the pending merger as financial adviser to both United and Midcon and did not disclose this information to plaintiffs. Plaintiffs therefore allege that defendant breached its fiduciary duty to plaintiffs and defrauded them in connection with the sale of plaintiff's United stock in violation of the Securities Exchange Act. Defendant seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, saying plaintiffs' first cause of action is barred by the applicable statute of limitations and fails to state a cognizable legal theory under which plaintiffs can recover, and that plaintiffs have failed to state a claim for which relief can be granted in their second and third causes of action.

The United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), stated that a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct. at 102. In considering the motion all facts

properly pleaded are construed as being true and all reasonable factual inferences are deemed to be in plaintiff's favor. *United States v. Reilly*, 385 F.2d 225 (10th Cir.1967). This court has previously stated that where material issues of fact are unresolved, a motion to dismiss should not be granted. *In re Home–Stake Production Company Securities, etc.*, 76 F.R.D. 337, 348 (citing *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir.1974).

■ Since there is no federal statute of limitations applicable to private actions under § 10(b) of the Securities Exchange Act of 1934, the limitations period is supplied by the law of the forum state. *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 691 (10th Cir.1981). In Oklahoma, an action alleging fraud must be filed within two (2) years of the discovery of fraud or from such time as said fraud could have been discovered by reasonable diligence. *See* 12 O.S. (1981) § 95(3). And in *Jones v. Jones*, 459 P.2d 603, 604 (Okla.1969), the court held that "all instances of constructive trusts may be referred to what equity denominates fraud, either actual or constructive, including acts and omissions in violation of fiduciary obligations" and thus when fraud is the gist of an action to enforce such a trust, 12 O.S. (1981) § 95(3) applies and the two-year time period begins to run from the time the fraud is, or should have been, discovered.

Title 12 O.S. (1981) § 105 provides that the period of limitation applicable to a claim occurring *outside* of this state shall be that prescribed either by the law of the place where the claim occurred or by the law of Oklahoma, whichever last bars the claim. The Oklahoma Supreme Court has listed four factors to consider in determining which state has the most significant relationship with an action:

The factors to be taken into account and to be evaluated according to the relative

---

**1.** "Docket numbers" refer to numerical designations assigned sequentially to each pleading, motion, order, or other filing and are included for purposes of record keeping only. "Docket numbers" have no independent legal significance and are to be used in conjunction with the docket sheet prepared and maintained by the United States Court Clerk, Northern District of Oklahoma.

importance and respect to a particular issue, shall include:

1) The place where the injury occurred,
2) The place where the conduct causing the injury occurred,
3) The domicile, residence, nationality, place of incorporation and place of business of the parties, and
4) The place where the relationship, if any, between the parties occurred.

*Brickner v. Gooden,* 525 P.2d 632, 635 (Okla.1974).

■ In fraud cases only the limitation *period* is borrowed from state law, whereas the tolling rule is supplied by *federal* jurisprudence:

Federal equitable tolling provides that when a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered ...'. [This rule] applies not only to federal statutes but also to statutes borrowed from the states in federal question cases. The borrowed limitations period does not begin to run 'until after [plaintiff] had discovered, or had failed in reasonable diligence to discover, the alleged deception ...'. [T]here remains some room for discretion by the court on the issue of plaintiff's discovery and diligence in cases under § 10(b) when the pleadings show that the action would be time-barred but for the equitable doctrine.

Limitations rules have traditionally been cast in terms of a prohibition on the *commencement* of an action. In addition to the general policy favoring repose and the quieting of titles, the statute seeks to relieve defendants of the cost and vexation of protracted litigation and the uncertainty of contingent liabilities. Not only defendants but also the courts have an interest in the timely commencement of actions. The adjudication process is hampered by stale evidence and absent witnesses; the burden on court calendars would instantly increase if actions now time-barred were revived by a new statute or tolling rule.

Any rule which makes the statute of limitations necessarily a jury question defeats the statute's purpose of preventing trials of stale claims. The need to avoid vexatious litigation is especially acute in cases under § 10(b) involving public misrepresentations in the sale of publicly traded securities, an area of the law which readily engenders multiple lawsuits arising out of the same underlying transactions. Contingent liabilities due to unfiled claims create special problems when they involve corporations with publicly traded securities. These problems are compounded by a tolling rule which effectively neutralizes the statutes of limitations.

[S]ummary disposition is appropriate if the documents before the court clearly and convincingly persuade the trial judge that plaintiff in the exercise of reasonable diligence would have discovered the fraud at such a time as to bar the action. If the documents before the court are not sufficiently persuasive to meet this stringent test, a jury ultimately deciding the facts will determine by a preponderance of the evidence whether the action accrued too remotely. (Citations omitted.)

*State of Ohio, supra* at 692–94. *See also, Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036 (10th Cir.1980).

■ In *Aldrich, supra* at 1041, the court emphasized that while the statute of limitations is an affirmative defense, if the dates in the complaint show that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Therefore, statute of limitations questions can be appropriately resolved in a Fed.R.Civ.P. 12(b) motion. *Id.* The court recognized that under federal law the limitations period for a fraud action begins to run when the aggrieved party discovers, or should have discovered by the exercise of reasonable diligence, the facts constituting the fraud. *Id.*

The responsibility of a party alleging fraud to exercise reasonable diligence in discovering the true facts were discussed by the Tenth Circuit in *deHaas v. Empire*

*Petroleum Company,* 435 F.2d 1223, 1226 (10th Cir.1970):

> It is impossible to lay down any general rule as to the amount of evidence or number or nature of evidential facts admitting discovery of fraud. But, facts in the sense of indisputable proof or any proof at all, are different from facts calculated to excite inquiry which impose a duty of reasonable diligence and which, if pursued, would disclose the fraud. Facts in the latter sense merely constitute objects of direct experience and, as such, may comprise rumors or vague charges if of sufficient substance to arouse suspicion. Thus, the duty of reasonable diligence is an obligation imposed by law solely under the peculiar circumstances of each case, including existence of a fiduciary relationship, concealment of the fraud, opportunity to detect it, position in the industry, sophistication and expertise in the financial community, and knowledge of related proceedings.

The *deHaas* court found that the fact that plaintiff stockholder received proxy material relating to a merger, a letter giving some explanation of it, and an annual report from the corporation was not enough to arouse a reasonable suspicion in plaintiff of fraud concerning the merger. The court pointed out that in assessing the reasonableness of a failure to investigate, the judges must consider that officers and directors of a corporation occupy a fiduciary relationship in regard to stockholders, who can be expected to rely on them.

The court in *Arneil v. Ramsey,* 550 F.2d 774, 781 (2nd Cir.1977), found that investors "of the scale and experience of these plaintiffs" should have been put on notice to look deeper to discover fraud being perpetrated on them. The plaintiffs were millionaires and regularly bought and sold securities. In this case, a publicly issued SEC release admitted willful violations of corporate record keeping, the New York Stock Exchange named the corporation as one in financial peril, and the corporation itself ran an advertisement in a national publication claiming it was in good financial shape. The court said the federal equitable tolling doctrine has application:

> only where the plaintiff has 'exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud,' and '[u]nawareness of facts or law, alone, does not justify suspending the operation of the statute.' ... [T]here is nothing to indicate that [plaintiffs] took any action to learn the facts which would have disclosed the fraud.
>
> We therefore conclude that with the exercise of reasonable efforts plaintiffs could have discovered the alleged fraud [three years before filing the action].

*Id.* at 781–82.

■ The Magistrate finds that Oklahoma's two-year statute of limitations is applicable to plaintiffs' fraud action under the Securities Exchange Act. Plaintiffs have claimed that the six-year New York Statute of Limitations for fraud should be applied because the knowledge obtained by defendant was obtained by its New York office, the failure to disclose was by defendant's New York corporate finance arm, the stock sale which occurred in Oklahoma was approved by defendant's New York City office, the decision to refuse to disclose was made in New York, and defendant's principle place of business in New York. However, the relationship between the parties was established in Oklahoma, the sale occurred in Oklahoma, the fraud which is alleged therefore would have been perpetrated in Oklahoma, defendant does business in Oklahoma, and plaintiffs are residents and/or incorporated in Oklahoma or Texas, and suffered their losses, if any, in Oklahoma and Texas. Therefore, Oklahoma has the most significant relationship with this action and in fact is the forum chosen by plaintiffs in which to pursue the case.

■ The Magistrate notes that the undisputed facts show that plaintiff, Doyle W. Cotton, Jr., was a director and significant shareholder of United, Chairman of the Board of Cotton Petroleum, one of United's three major subsidiaries, and managed his personal investments. The facts also show that he was on notice of the merger of

United and Midcon and defendant's involvement in it at least by the end of August, 1985, because he attended a special Board meeting on August 11, 1985 at which an extensive presentation was made on the merger plan and the Board unanimously approved the plan. Additionally, on that date a press release was issued announcing the plan and the involvement of defendant as financial advisor and dealer manager. Newspaper articles about the merger also were published on August 12, 1985 and August 13, 1985, and United filed related public documents with the Securities and Exchange Commission and distributed copies to United shareholders, including plaintiffs.

The Magistrate therefore finds that plaintiff Doyle W. Cotton, Jr. had experience and knowledge in the investments area and knew or reasonably should have known of the material facts which he alleges in this case on or before August, 1985, more than two years before filing this lawsuit. Plaintiffs' first cause of action is therefore barred by the applicable two-year statute of limitations set forth in 12 O.S. (1981) § 95(3). The plaintiffs have not borne their burden of proof to establish a factual basis for tolling the two-year statute. The undisputed facts show that they did not exercise reasonable diligence to discover the truth about the United–Midcon merger and defendant's involvement in it, when the situation should have excited inquiry, no concealment of the facts occurred, ample opportunity existed to discover defendant's involvement in the merger, and plaintiff, Doyle Cotton, Jr., held a position of involvement and responsibility with United and had sophistication and expertise in the industry.

■ The Magistrate also determines that plaintiffs have failed to show facts in support of their claim that defendant violated a duty owed to plaintiffs. Any confidential information about the United–Midcon merger which defendant's investment banking division might have had was its property. *Carpenter v. United States*, 484 U.S. ——, ——, 108 S.Ct. 316, 320, 98 L.Ed. 2d 275, 283 (1987). "Confidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit, and which a court of equity will protect ...." *Id.* Disclosure of such information by an employee could have led to prosecution for violation of the federal mail and wire fraud statutes (18 U.S.C. §§ 1341, 1343 (1982)), which deal with any scheme to deprive another of money or property by means of false or fraudulent pretenses or promises. *Id.* 484 U.S. at ——, 108 S.Ct. at 321, 98 L.Ed.2d at 284. Defendant's employees had a fiduciary duty to protect the confidential information. *Id.*

■ The courts have established that brokers have a primary obligation not to reveal inside information to clients for the clients' benefit in trading securities. In *In re Cady, Roberts & Co.*, 40 S.E.C. 907, 916 (1961), the court said "even if we assume the existence of conflicting fiduciary obligations, there can be no doubt which is primary here.... [C]lients may not expect of a broker the benefits of his inside information at the expense of the public generally."

The Supreme Court in *Basic Inc. v. Levinson*, —— U.S. ——, 108 S.Ct. 978, 979, 99 L.Ed.2d 194 (1988), found that the standard to measure whether an omitted fact is "material" in a Rule 10b–5 action under the Securities Exchange Act of 1934 is whether "there is a substantial likelihood that its disclosure would have been considered significant by a reasonable investor." The Court notably said: "To be actionable, of course, a statement must also be misleading. *Silence, absent a duty to disclose, is not misleading* under Rule 10b–5." (Emphasis added.) *Id.* 108 S.Ct. at 987.

The Magistrate finds that plaintiffs have failed to show that defendant had a duty to ensure that information in its investment banking division about the United–Midcon merger was passed on to its brokerage division for dissemination to brokerage clients involved in sales transactions, including a client who was a director and shareholder of one of the companies involved in the merger and could be expected

to possess such information. Absent a duty to disclose, defendant's failure to give information was not misleading and thus was not actionable.

■ The Magistrate finds absolutely no facts presented by plaintiffs to support the second claim in their Amended Complaint that defendant aided and abetted a securities violation by United executives, as no specific facts of the primary violation by the United executives have been presented to the court to support this allegation. Similarly, the plaintiffs have presented no facts in support of their third claim that 71 O.S. (1981) § 408 has been violated.

The Magistrate finds that plaintiffs' complaint should be dismissed for failure to state any claims, because it appears beyond doubt that plaintiffs can prove no set of facts to support the claims which would entitle plaintiffs to relief. It is therefore recommended that defendant's Motion to Dismiss be granted.

Dated this 25th day of July, 1988.