**Thomas CHESTER, Plaintiff,**

**v.**

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Defendant.**

**Civ. A. No. 3:93–CV–0098–H.**

United States District Court, N.D. Texas, Dallas Division.

July 15, 1994.

David K. Watsky, Gillespie, Rozen & Tanner, Dallas, TX, for plaintiff/appellant.

Stephen F. Fink, Bryan P. Neal, Thompson & Knight, Dallas, TX, for defendant/appellee.

### MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is Defendant's Motion for Summary Judgment, filed March 9, 1994; Plaintiff's Response, filed April 15, 1994; and Defendant's Reply, filed May 2, 1994; Plaintiff's Objections to United States Magistrate's Order Denying Plaintiff's Motion to Compel in Part, filed June 28, 1994; Defendant's Motion for Reconsideration of Order on Plaintiff's Motion to Compel Discovery and to Extend the Time for Compliance, filed June 30, 1994; and Plaintiff's Response, filed July 13, 1994.

### I. Background

This case involves a claim of employment discrimination under the Age Discrimination in Employment Act ("ADEA"). Plaintiff Thomas Chester was employed by Defendant American Telephone and Telegraph Company ("AT & T") as an account executive. Plaintiff's Original Complaint ("Complaint"), at ¶ III. On July 30, 1991, AT & T notified Chester in writing that he was "at risk of involuntary separation from AT & T." Oral Deposition of Thomas Chester ("Chester Depo."), at 135, & Ex. 5. The notification informed Chester that he would be discharged from AT & T in sixty days unless he successfully applied for and received another position within the company before then. Chester Depo., Ex. 5 & Ex. 1. Although Chester applied and interviewed for several positions with AT & T, he did not secure

another position with the company. Complaint, at ¶ III; Chester Depo., at 167. On October 21, 1991, after receiving one extension of his job search period, Chester's employment with AT & T was terminated. Complaint, at ¶ III.

Chester filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 2, 1992. Chester Depo., at 190, & Ex. 29. In the charge, Chester alleged that he was "involuntarily retired," that the reason AT & T gave him for this action was a "layoff," and that he believed that AT & T's actions were the result of age discrimination in violation of the ADEA. Chester Depo., Ex. 29.

On January 14, 1993, Chester filed this action, alleging that AT & T discriminated against him on the basis of his age, 51, by terminating his employment and by failing to transfer him to another position after announcing its intention to discharge him. Complaint, at ¶¶ III, V.

## II. Summary Judgment Analysis

### A. Summary Judgment Standard

Under proper circumstances, awarding summary judgment is not disfavored in the federal courts: "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir.1986).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment or partial judgment as a matter of law. *See* Fed.R.Civ.P. 56. Before a court may grant summary judgment, the moving party must demonstrate that it is entitled to judgment as a matter of law because there is no actual dispute as to an essential element of the nonmovant's case. *See Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). The threshold inquiry, therefore, is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). Of course, "the substantive law will identify which facts are material." *Id.* at 248, 106 S.Ct. at 2510.

Once the moving party establishes that there is an absence of evidence to support the nonmovant's case, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis in original) (quoting Rule 56(e)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Fontenot*, 780 F.2d at 1195–98. A party must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356. Stated another way, "[i]f the record, taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir.1991) (citing *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356). However, all of the evidence must be viewed in the light most favorable to the motion's opponent. *Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir.1990). With these principles in mind, the Court turns to an analysis of Defendant's Motion in this case.

### B. Legal Analysis

AT & T asserts separate arguments in favor of granting summary judgment on Chester's discriminatory discharge claim and his failure to transfer claim. AT & T argues that Chester's discriminatory discharge claim is barred because he failed to file his charge with the EEOC within the proper time period. AT & T contends that Chester's discriminatory failure to transfer claim is barred because it is outside the scope of the charge he filed with the EEOC. Defendant's Motion, at 3. The Court addresses these arguments separately.

### 1. Discriminatory Discharge Claim

■ AT & T contends that Chester's discriminatory discharge claim is barred because he filed his EEOC charge more than 300 days after the date he was informed that he was at risk of involuntary separation. Defendant's Brief, at 3. Because Texas is a "deferral" state, the ADEA establishes a 300–day period for filing a charge of discrimination with the EEOC. *See* 29 U.S.C. § 626(d)(2) (1985 & Supp.1994). The Supreme Court has held that the limitations period in a discrimination case begins to run when the alleged discriminatory act occurs and not when the plaintiff first feels the consequences of the act. *See Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980). Applying this rule, the Fifth Circuit has held that the limitations period on an ADEA discriminatory discharge claim begins to run when the plaintiff is notified of the impending discharge. *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir.), *cert. denied*, 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991); *Chapman v. Homco, Inc.*, 708 F.Supp. 787, 790 (N.D.Tex.1988), *aff'd*, 886 F.2d 756 (1990), *cert. denied*, 494 U.S. 1067, 110 S.Ct. 1784, 108 L.Ed.2d 785. *See also Gustovich v. AT & T Communications, Inc.*, 972 F.2d 845, 847 (7th Cir.1992) (holding that the limitations period began to run on the date the employees were told they were "surplus" and would be terminated unless they found employment elsewhere in the company).

■ Chester asserts three arguments against summary judgment on limitations grounds. First, Chester argues that he was not notified of an impending "discharge," like the plaintiffs in the cases cited by AT & T, but rather was notified that he was being placed "at risk of involuntary separation." Plaintiff's Response, at 5–6. The Court notes that AT & T's notification to Chester stated that "unless you are notified otherwise, your expected last day of employment

will be September 30, 1991." Chester Depo., Ex. 5. This notice clearly placed Chester on notice of his impending discharge from the company.

■ Second, Chester argues that the statute of limitations was equitably tolled because AT & T told him that he could attempt to transfer to another position in the company. Plaintiff's Response, at 6. The Fifth Circuit has not directly addressed whether an employee's hope of finding other employment within the company warrants equitable tolling.[1] The Fifth Circuit has held that there are generally three bases for equitably tolling a statute of limitations: 1) the suit was pending in the wrong forum; 2) the plaintiff was unaware, because of intentional concealment, of facts giving rise to claim; and 3) the EEOC mislead the plaintiff about the nature of the right. *See Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 810 n. 14 (5th Cir.1991) (citing *Blumberg v. HCA Management Co.*, 848 F.2d 642 (5th Cir. 1988), *cert. denied*, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989)). In the cases discussed below, the Circuit has asked whether a plaintiff in an ADEA suit is entitled to equitable modification because of an employer's actions after notifying an employee of a discharge or demotion. Upon reviewing these cases, the Court finds that they do not support Chester's argument for equitable tolling in the present case.

In *Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785 (5th Cir.1980), *on reh'g*, 640 F.2d 584 (1981), the employer demoted the plaintiff, but then made misrepresentations that the company would reinstate him. The Circuit reversed the grant of summary judgment to the employer, holding that there was a genuine issue of material fact regarding equitable tolling. *Id.* at 595. The Court noted that:

> Because appellant has alleged that GAB actually misrepresented its intent to rehire him, we do not address the question of whether tolling may be appropriate when the employer has made, not misrepresen-

---

1. The Fifth Circuit has recognized a distinction between equitable tolling, which concerns an employee's knowledge of facts relevant to the discrimination claim, and equitable estoppel, which concerns an employer's conduct in concealing facts or misleading a plaintiff. *See Rhodes*, 927 F.2d at 878–79. The Court does not find this distinction relevant in the present case.

tations as to the likelihood of future reinstatement, but rather bona fide representations as to such likelihood, which, for some reason, were not fulfilled.

616 F.2d at 790. Implicitly, the Circuit also left open the application of equitable tolling where the employer simply informs the employee that he or she may apply for other jobs within the company.

In *Rhodes,* 927 F.2d 876, an employee received notice that his position would be terminated in two weeks as part of an overall reduction in force. The Court held that the employer was equitably estopped from asserting the limitations defense because the employer concealed facts and mislead Rhodes in a way that prejudiced Rhodes' awareness of a possible age discrimination claim. *Id.* at 879–82.

In *Amburgey,* 936 F.2d at 810–11, the Circuit noted, but did not ultimately rule on, the issue of whether an employer's advice to a discharged employee to "keep in touch" would warrant equitable tolling of the limitations period. The Court pointed out that the facts were distinct from that those in *Coke,* 616 F.2d 785, where the employer made misleading promises. *Id.* at 810.

These three cases do not lend authority to Chester's argument for equitable tolling in the present case. The only cases in which the Fifth Circuit applied equitable tolling involved intentional acts by an employer that mislead or concealed facts from an employee. *See Coke,* 640 F.2d at 595; *Rhodes,* 927 F.2d at 879–82. In the present case, AT & T advised Chester that he could apply for other positions within the company, but that if he did not secure one, he would be terminated in sixty days. Chester Depo., Ex. 5; Ex. 1. The notification clearly placed the responsibility on Chester to locate another position. Chester has offered no summary judgment evidence that creates a genuine issue of material fact regarding AT & T's conduct following the notice of discharge in this case.[2]

■■■ There is an additional reason that equitable tolling is not warranted in this case. Chester does not fall into the category of plaintiffs that the equitable modification rule is designed to protect. The rule exists to protect employees who, because of the employer's actions, are unaware of discriminatory conduct at the time they are notified of an adverse employment decision. *See Amburgey,* 936 F.2d at 810 n. 14. Chester admitted in his deposition that when AT & T notified him that he was at risk of involuntary separation, he believed the decision was discriminatory.[3] Chester Depo., at 139–40. Thus, the opportunity to apply for other positions did not mislead Chester into believing that no discrimination had occurred.

■ Third, Chester argues that AT & T's designation of Chester as "at risk" and its failure to transfer him to another position constitute a "continuing violation." Chester contends that the violation began with the discharge notice and continued until Chester was terminated, and that the limitations period did not begin to run until the date of the termination. Plaintiff's Response, at 14–15. AT & T counters that the continuing violation doctrine does not apply: "[M]erely discrete, isolated, and completed acts ... must

**2.** The cases from other circuits cited by Chester are also factually distinguishable from the present case. *See Cocke v. Merrill Lynch & Co.,* 817 F.2d 1559 (11th Cir.1987) (reversing summary judgment on equitable tolling grounds where manager promised to pursue another position for employee); *Butler v. Portland Gen. Elec. Co.,* 748 F.Supp. 783 (D.Ore.1990) (holding that summary judgment not appropriate if employer intentionally or foreseeably lulled the employee into delaying the filing of a claim), *aff'd, Flynn v. Portland Gen. Elec. Co.,* 958 F.2d 377 (9th Cir.1992); *Labus v. Navistar Int'l Transp. Corp.,* 740 F.Supp. 1053 (D.N.J.1990) (denying summary judgment where manager stated that he would look for another position for employee); *Franci v. Avco Corp.,* 538 F.Supp. 250 (D.Conn.1982) (holding that employee's failure to file timely charge with EEOC did not bar claim because employer encouraged employee's hopes of recall); *Potter v. Continental Trailways, Inc.,* 480 F.Supp. 207 (D.Colo.1979) (denying summary judgment where employer held out hopes of reemployment to employee). Like the Fifth Circuit cases discussed above, these cases all involve intentional acts by the employer that caused the employee to believe he or she would be rehired or transferred.

**3.** Chester also admitted that his counsel advised him that he should file the EEOC charge within 300 days after July 30, 1991. Chester Depo., at 175–77; Ex. 22.

be regarded as individual violations." *Berry v. Board of Supervisors of Louisiana State Univ.,* 715 F.2d 971, 981 (5th Cir.1983). *See also Redd v. Fisher Controls,* 814 F.Supp. 547, 550 (W.D.Tex.1992) (holding that failure to rehire after discharge does not constitute a continuing violation). The Court agrees with AT & T.

▪ The Court is of the opinion that Plaintiff's discriminatory discharge claim is barred because it was filed more than 300 days after July 30, 1991, and because Plaintiff has created no genuine issue of material fact regarding the applicability of equitable tolling. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's discriminatory discharge claim is **GRANTED.**

**2. Discriminatory Failure to Transfer Claim**

▪ AT & T contends that Chester's failure to transfer claim is barred because Chester did not allege that claim in his EEOC charge. Defendant's Brief, at 5. A plaintiff in an employment discrimination case may seek relief only for alleged acts that were presented to the EEOC in a charge of discrimination. *See Young v. City of Houston, Texas,* 906 F.2d 177, 179 (5th Cir.1990); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970). The scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Young,* 906 F.2d at 179.

AT & T cites cases from other circuits that have held that a failure to transfer is not reasonably related to an EEOC charge of discriminatory discharge. *See Oxman v. WLS–TV,* 12 F.3d 652, 660–61 (7th Cir.1993); *Lawson v. Burlington Indus., Inc.,* 683 F.2d 862, 863 (4th Cir.), *cert. denied,* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982); *Alphonse v. Northern Telecom, Inc.,* 776 F.Supp. 1075, 1080 (E.D.N.C.1991); *Eubanks v. Harvard Indus., Inc.,* 712 F.Supp. 146, 149 (E.D.Ark.), *aff'd,* 889 F.2d 1092 (8th Cir. 1989). Although the Fifth Circuit has not directly addressed this issue, it has held that a discharge claim and a claim based on a later failure to hire must be evaluated as separate instances of discrimination. *Guillory v. St. Landry Parish Police Jury,* 802 F.2d 822, 824 (5th Cir.1986), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). *See also Woodburn v. LTV Aerospace Corp.,* 531 F.2d 750, 751 (5th Cir.1976) (holding that a failure to reemploy and a discharge are two separate instances of discrimination).

Chester notes that his EEOC charge alleged not that he was discharged but that he was "involuntarily retired," a term which, he contends, encompasses both the discharge and the failure to transfer. Plaintiff's Response, at 19. The Court is not persuaded by this argument. Chester also cites various cases to support his argument that the failure to transfer claim is related to his EEOC charge. Plaintiff's Response, at 20. Upon review, the Court finds these cases to be factually distinguishable from the present case. *See* cases cited in Plaintiff's Response, at 20–22.

▪ The Court agrees with the reasoning of the cases from other circuits that have addressed this issue. A decision to discharge an employee and a decision not to hire that employee for a different position are separate and distinct events; thus, a failure to transfer or hire charge is beyond the scope of an EEOC charge that alleges only a discriminatory discharge. This reasoning makes sense in the context of the present case. It is impossible to glean from Chester's EEOC charge that he intended to allege discrimination based on AT & T's failure to transfer him to other positions. Chester Depo., Ex. 29. As AT & T points out, its response to the EEOC investigation related only to the events surrounding Chester's discharge, and not to his applications for other positions within the company. *See* Defendant's Motion, Decl. of Kathryn M. Johnson, Ex. B–1.

The Court is of the opinion that Plaintiff's failure to transfer claim is barred because it exceeds the scope of his EEOC charge. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's failure to transfer claim is **GRANTED.**

### III. Objections to Magistrate's Order

Because the Court grants Defendant's Motion for Summary Judgment, Plaintiff's Objections to United States Magistrate's Order Denying Plaintiff's Motion to Compel in Part, and Defendant's Motion for Reconsideration of Order on Plaintiff's Motion to Compel Discovery and to Extend the Time for Compliance, are **DENIED** as **MOOT.**

### IV. Conclusion

Defendant's Motion for Summary Judgment is **GRANTED.** Plaintiff's Objections to United States Magistrate's Order Denying Plaintiff's Motion to Compel in Part, and Defendant's Motion for Reconsideration of Order on Plaintiff's Motion to Compel Discovery and to Extend the Time for Compliance, are **DENIED** as **MOOT.** Plaintiff's claims are **DISMISSED** with prejudice.

**SO ORDERED.**