# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1202

_____

| | |
|---|---|
| Saundra Ross, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| City of Independence, Missouri, | * |
| | * [UNPUBLISHED] |
| Appellee. | * |

_____

Submitted:  September 11, 2003

Filed:  September 19, 2003 (corrected 9/25/03)

_____

Before MORRIS SHEPPARD ARNOLD, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

Saundra Ross sued the City of Independence, Missouri, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, because the City promoted a man instead of herself to the position of Community Development Programs Coordinator (CDPC). The district court[1] granted summary judgment dismissing Ross's claim and she appeals. We affirm because the charge of discrimination Ross filed with the Equal Employment Opportunity

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Commission (EEOC) did not charge the City discriminated against her when she applied for the CPDC position. Rather, Ross's EEOC complaint stated the City discriminated against her when she applied for two other positions, a Contract Compliance Officer and a Safety/Training Officer.

Before filing a lawsuit in federal court, a Title VII plaintiff must bring an administrative charge of discrimination before the EEOC to provide it "the first opportunity to investigate discriminatory practices and enable[] it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." Id. Although we construe a claimant's administrative complaint liberally in order to further the remedial purposes of Title VII, Stuart v. Gen. Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000), the breadth of a subsequent civil suit is only as "broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination. " Id. "We are prohibited from inventing ex nihilo, a claim which simply was not made [in an EEOC complaint]." Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000) (citation and quotation omitted).

Ross claims the allegations in her federal lawsuit are "like or reasonably related to" the charges she brought before the EEOC because her EEOC complaint states she applied for the position of Contract Compliance Officer on April 10, 2000, which is the same day she applied for the position of CPDC. We reject her contention. Each decision not to promote Ross was a discrete event, Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002), and Ross presented no evidence the EEOC actually investigated or attempted to conciliate the charge of discrimination related to her application for the CPDC position. See Vinson v. Ford Motor Co., 806 F.2d 686, 688 (6th Cir. 1987) (concluding an EEOC complaint for January 1980 promotion

-2-

denial did not satisfy jurisdictional prerequisite for federal suit alleging January 1979 demotion, where plaintiff presented no evidence the EEOC actually addressed the demotion claim); see also Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 451 (8th Cir. 1992) (holding that the filing of an administrative complaint regarding an August 1986 layoff was insufficient to meet the exhaustion requirement for an October 1987 termination because the two events were discrete); Jones v. Denver Post Corp., 203 F.3d 748, 754-55 (10th Cir. 2000) (concluding an employee whose administrative charge alleged just a single failure-to-promote claim of racial discrimination could not bring suit under Title VII based on a different, earlier incident); Chester v. Am. Tel. & Tel. Co., 907 F. Supp. 982, 987 (N.D. Tex. 1994) (barring plaintiff's failure-to-transfer claim because the "EEOC charge . . . allege[d] only a discriminatory discharge [and] the EEOC investigation related only to the events surrounding [the] discharge, and not to [plaintiff's] applications for other positions within the company.").

Because Ross failed to show she had exhausted her administrative remedies, we affirm the district court's judgment dismissing her suit.

_____